Gail L. Chung (CA State Bar No. 212334)
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Jack A. Raisner[1]
René S. Roupinian[2]
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000

*Attorneys for Plaintiff Peter Wojciechowski*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>CLEAREDGE POWER, INC. and<br>CLEAREDGE POWER, LLC,<br><br>Debtors. | Case No.: 14-bk-51955-CN<br>14-bk-51956-SLJ<br><br>Chapter 11 |
| PETER WOJCIECHOWSKI on his own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAREDGE POWER, INC. and<br>CLEAREDGE POWER, LLC,<br><br>Defendants. | ADV. CASE NO. _____<br><br>**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**<br><br>(1) Violation of Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 – 2109<br><br>(2) Violation of Connecticut Wage Law, Conn. Gen. Stat., §§ 31-76k, 31-71a to 31-71i |

Plaintiff Peter Wojciechowski, by and through his undersigned counsel, on behalf of himself and all other persons similarly situated, hereby alleges as follows:

**NATURE OF THE ACTION**

---

[1] and [2] Not admitted to the Bar of the U.S. Bankruptcy Court C.D. Calif. Applications for admission *pro hac vice* to be filed.

1

1. This is a class action for the recovery by Plaintiff Peter Wojciechowski and other similarly situated employees of Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 – 2109 (the "WARN Act"). Plaintiff was an employee of Defendants and was terminated as part of, or as a result of, a mass layoff ordered by Defendants on or about April 25, 2014. As such, Defendants violated the WARN Act by failing to give Plaintiff and other similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Act. Indeed, Defendants gave no written notice to Plaintiff and the similarly situated employees before terminating them. As a consequence, Plaintiff and other similarly situated employees of Defendants are entitled under the WARN Act to recover from the Defendants 60 days' wages and ERISA benefits, none of which has been paid.

2. Plaintiff filed this Complaint, in substantively similar form, on April 28, 2014 in the U.S. District Court for the Northern District of California (San Jose) 5:14-cv-01951-LHK.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## PARTIES

*Plaintiff*

5. Plaintiff Peter Wojciechowski was employed by Defendants as Configuration Manager and worked at their facility located at 195 Governors Highway, South Windsor, Connecticut (the "Governors Highway Facility") until his termination on or about April 25, 2014. Defendants provided him no advance written notice of his termination, nor paid him for his full accrued vacation.

*Defendants*

6. At all relevant times, Defendants maintained and operated "Facilities" comprised of operations located at the Governors Highway Facility and 90 Bidwell Rd., South Windsor,

Connecticut") (collectively, the "Facilities").

7. Upon information and belief and at all relevant times, Defendant ClearEdge Power, Inc. is an Oregon Corporation with its principal place of business located at 920 Thompson Place, Suite 100, Sunnyvale, California 94085, and conducts business in this district.

8. Upon information and belief, Defendant ClearEdge Power, LLC is a Delaware Corporation with its principal place of business located at 920 Thompson Place, Suite 100, Sunnyvale, California 94085, and conducts business in this district.

9. Upon information and belief at all relevant times, Defendants maintained and operated their business employing more than 50 employees at each of the Facilities, as that term is defined by the WARN Act (collectively the "Facilities").

10. Upon information and belief, Defendant ClearEdge Power, Inc. owns 100 percent of the shares of ClearEdge Power, LLC.

11. Upon information and belief and at all relevant times, Defendant ClearEdge Power, Inc. is the ultimate owner of ClearEdge Power, LLC.

12. Upon information and belief, Defendants ClearEdge Power, Inc., and ClearEdge Power, LLC operated as a single employer and made the decisions that gave rise to the terminations of the Plaintiff and other similarly-situated former employees in a mass layoff or plant closing without providing 60-days' advance notice.

13. On or about May 1, 2014, Defendants filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

14. Until their termination by Defendants, Plaintiff and other similarly situated persons were employees of Defendants who worked at or reported to the Facilities.

**ALLEGATIONS PURSUANT TO 29 U.S.C. § 2104**

15. Plaintiff and each person he seeks to represent herein, were discharged on or about April 25, 2014 by Defendants without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

16. Plaintiff brings this action on his own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy Procedure and Rules 23(a) and (b) of

the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about April 25, 2014 who worked at or reported to the Facilities until their termination.

17. On or about April 25, 2014, Defendants terminated Plaintiff's employment as part of a mass layoff which qualifies as an event for which he was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

18. At or about the time that Plaintiff were discharged, Defendants discharged approximately 250 other employees at the Facilities (the "Other Similarly Situated Former Employees") without providing any advance written notice.

19. Pursuant to the WARN Act, Plaintiff maintains this claim on behalf of each of the Other Similarly Situated Former Employees and for their own benefit.

20. Each of the Other Similarly Situated Former Employees are similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

21. Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on his or her part.

22. Plaintiff and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

23. Defendants were required by the WARN Act to give Plaintiff and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

24. Prior to their terminations, neither Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

25. Defendants failed to pay Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA with respect to them for sixty (60) days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS—FRBP RULE 7023 (a) and (b)**

26. Plaintiff asserts this claim on behalf of himself and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy Procedure and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b)(3) of the Federal Rules of Bankruptcy Procedure and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

28. Common questions of law and fact are applicable to all members of the Class.

29. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities; Defendants terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31. Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above, the Plaintiff is or was an injured party.

32. Plaintiff will fairly and adequately protect and represent the interests of the Class.

33. Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34. The Class is so numerous as to render joinder of all members is impracticable as there are approximately 250 persons who are included in the Class.

35. The Class meets the requirements of Fed. R. Civ. P. 23(a) for Class certification.

36. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

38. No litigation concerning the WARN Act rights of any Class member has been commenced by any other employees than Plaintiff.

39. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

40. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

41. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

42. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination is contained in the books and records of Defendants.

43. As a result of Defendants' violation of the WARN Act, Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401 (k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

# CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION: VIOLATION OF THE WARN ACT

44. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on his own behalf and on behalf of the putative WARN Class, *i.e.*, all other similarly situated former employees, pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about April 25, 2014, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about April 25, 2014, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

45. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

46. The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendants.

47. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records, including electronic records, of the Defendants.

48. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

   (a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

   (b) whether Defendants, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act., and

(d) whether Defendants operated as a single-employer under the WARN Act with respect to the termination of Plaintiff and similarly-situated employees..

49. Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to Defendants' Facilities and was terminated without cause on or about April 25, 2014, or within 30 days of that date, due to the mass layoffs and/or plant closing ordered by Defendants.

50. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

51. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

52. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

53. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## SECOND CAUSE OF ACTION: UNPAID WAGES - CONNECTICUT

54. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

55. The Plaintiff on behalf of similarly situated employees who worked at or reported to Defendants' facilities in Connecticut seek payment for all unpaid wages, including unpaid accrued vacation pay and fringe benefits, in violation of Conn. Gen. Stat., §§ 31-76k, 31-71a to 31-71i.

56. Because wage payments were not paid when payment was due, Plaintiff seeks double damages and reasonable attorneys' fees for Defendants' violation of Conn. Gen. Stat., Conn. Gen. Stat., §§ 31-76k, 31-71a to 31-71i.

## THE CLAIM FOR RELIEF

57. At all relevant times, Defendants employed more than 250 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

58. At all relevant times, Defendants were an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1), 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a mass layoff at the Facilities.

59. On or about April 25, 2014, Defendants ordered a "mass layoff", as that term is defined by 29 U.S.C. § 2101(a)(1).

60. The mass layoff at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

61. Plaintiff and each of the other members of the Class were discharged by Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoff ordered by Defendants at the Facilities.

62. Plaintiff and each of the other members of the Class are "affected employees" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

63. Defendants were required by the WARN Act to give Plaintiff and each of the other

members of the Class at least 60 days advance written notice of his or her termination.

64. Defendants failed to give Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

65. Plaintiff and each of the other members of the Class are "aggrieved employees" of Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

66. Defendants failed to pay Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

67. The relief under the WARN Act sought in this proceeding is equitable in nature.

WHEREFORE, Plaintiff on his own behalf and on behalf of the other Class members demand judgment against Defendants as follows:

A. An allowed wage priority claim for up to $12,450 of the WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A); or in the alternative a first priority administrative expense claim against Defendants pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiff and the other similarly situated former employees equal to that sum;

B. Certification that Plaintiff and the other Class members constitute a single class;

C. Appointment of Plaintiff's counsel as Class Counsel;

D. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to them for their services as such;

E. Reasonable attorneys' fees and the costs and disbursements that the Plaintiff will incur in prosecuting this action, as authorized by the WARN Act;

F. Unpaid wages, including unpaid accrued vacation pay and fringe benefits, in violation of Conn. Gen. Stat., §§ 31-76k, 31-71a to 31-71i; and

G. Such other and further relief as this Court may deem just and proper.

DATED: May 2, 2014

Respectfully submitted,

By: Gail Lin Chung
Gail L. Chung (CA State Bar No. 212334)
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Fax: (646) 509-2070
Email: gl@outtengolden.com

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiff Peter Wojciechowski, on his own behalf and on behalf of all other persons similarly situated*