JOHN WALSHE MURRAY (074823)
STEPHEN T. O'NEILL (115132)
ROBERT A. FRANKLIN (091653)
THOMAS T. HWANG (218678)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
Email: murray.john@dorsey.com
Email: oneill.stephen@dorsey.com
Email: franklin.robert@dorsey.com
Email: hwang.thomas@dorsey.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**CLEAREDGE POWER, INC.,**<br>An Oregon Corporation,<br><br>Debtor.<br><br>920 Thompson Place, Suite 100<br>Sunnyvale, California 94085<br><br>Employer Tax I.D. No. 20-0119415 | Case No. 14-51955-CN-11<br><br>Chapter 11<br><br>*[No Hearing Required]* |

**EX PARTE MOTION FOR ORDER AUTHORIZING
AND DIRECTING JOINT ADMINISTRATION OF ESTATES**

**TO: THE HONORABLE CHARLES NOVACK, JUDGE OF THE UNITED STATES BANKRUPTCY COURT:**

ClearEdge Power, Inc., an Oregon Corporation, the debtor and debtor in possession herein ("CEP Inc."), respectfully requests the Court to (1) authorize the joint administration of the bankruptcy estates of CEP Inc. and its affiliates ClearEdge Power, LLC, fka ClearEdge Power Corporation, fka UTC Power Corporation, a Delaware Limited Liability Company ("CEP LLC"), and ClearEdge Power International Service, LLC, a Delaware Limited Liability Company ("CEPIS" and, together with CEP Inc. and CEP LLC, the "Debtors" or the "Company"), and (2) approve the

form of caption to be used in the Debtors' bankruptcy cases. The Motion is based on the DECLARATION OF JOHN W. MURRAY IN SUPPORT OF EX PARTE MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF ESTATES (the "Murray Declaration").

## I. INTRODUCTION

1. On May 1, 2014 (the "Petition Date"), the Debtors each filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code ("Code") in this judicial district and division. The Debtors are operating their respective businesses as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108.

2. No official committee of unsecured creditors has been formed in the cases to date.

3. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicates for relief sought herein are 11 U.S.C. § 101(2), 342(c), Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P." or the "Bankruptcy Rules") 1005, 1015(b) and 2002 and the Advisory Committee Notes to Official Bankruptcy Form 16B.

4. No prior motion has been filed seeking the relief sought herein.

## II. FACTUAL BACKGROUND

5. Founded initially in 2003 as Quantum Leap Technology before changing its name to ClearEdge Power in 2005, the Company is one of the leading fuel cell companies in the industry. The Company designs, manufactures, sells and services distributed generation fuel cell systems for commercial, industrial, utility and residential applications. The Company's fuel cell systems operate continuously in parallel with the electric utility, converting natural gas to electricity and useful heat through an ultra-clean electrochemical process. The systems can operate during a utility grid outage and, if appropriately configured, can also operate completely independent of the grid, therefore providing a highly reliable and clean source of electricity and heat to the customer's facility. Therefore, the Company's fuel cell systems feature three key elements: (a) reduced utility expenses with an attractive economic payback, (b) improved corporate sustainability through reduced greenhouse gas emissions, and (c) highly reliable backup power capability to keep critical operations running.

6. Based in Sunnyvale, California, CEP Inc. operates as the Company's headquarter office. CEP LLC maintains an engineering facility in Hillsboro, Oregon and a major manufacturing and engineering hub in South Windsor, Connecticut, along with satellite offices in Southern California. CEPIS, which is based in Connecticut, manages the Company's international business, specifically its business in South Korea. CEPIS is a wholly-owned subsidiary CEP LLC, and CEP LLC is a wholly-owned subsidiary of CEP Inc.

7. In early 2013, CEP Inc. acquired UTC Power, Inc. ("<u>UTC Power</u>"), formerly a subsidiary of United Technologies Corporation, largely to leverage UTC Power's advanced, large-scale phosphoric acid fuel cell ("<u>PAFC</u>") technology. As a result of the acquisition, the Company designed its fuel cell systems around the PAFC technology, resulting in the development of systems reputed as some of the industry's highest-performing products.

8. In connection with the acquisition of UTC Power, the Company effected a reorganization whereby the majority of its debts, liabilities and assets, including the acquired liabilities and assets of UTC Power, were consolidated into CEP LLC as the operating company. As a result, the majority of the Company's assets and obligations are held by CEP LLC with the majority of the balance shared among the two other Debtor entities. Historically, the Company has prepared consolidated financial statements for the affiliated companies.

9. The Debtors have determined that it is in the best interests of their estates to consummate some form of sale, merger, acquisition and/or related transaction (a "<u>Transaction</u>"). Accordingly, during their bankruptcy cases, the Debtors intend, among other things, to market their assets and consummate such a Transaction, and to then to distribute the proceeds of the Transaction to creditors in accordance with priorities set forth in the Bankruptcy Code.

### III. M<small>OTION</small>

A. **<u>CEP Inc., CEP LLC and CEPIS Are Affiliates Under Fed. R. Bankr. P. 1015.</u>**

10. Fed. R. Bankr. P. 1015(b) provides in pertinent part that: "If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Section 101(2) of the Code defines an "affiliate" as:

/ / /

TTH/STO:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Jt Admin\Mot v5.docx

3

EX PARTE MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF ESTATES

Case: 14-51955    Doc# 9    Filed: 05/02/14    Entered: 05/02/14 12:40:07    Page 3 of 7

(A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

    (i) in a fiduciary or agency capacity without the sole discretionary power to vote such securities; or

    (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote; . . .

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

    (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

    (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11. As set forth above, CEPIS is a wholly-owned subsidiary of CEP LLC, and CEP LLC is a wholly-owned subsidiary of CEP Inc. Therefore, CEP Inc., CEP LLC and CEPF fall within the Code's definition of "affiliates" of one another.

**B.** **<u>Joint Administration Of The Estates Is Appropriate Under The Circumstances.</u>**

12. Fed. R. Bankr. P. 1015(b) allows the Court to order the joint administration of the estates of a debtor and its affiliates. Prior to entering such an order, "[t]he court shall give consideration to protecting creditors of different estates against potential conflicts of interest."

13. CEP Inc. believes the interests of the three estates and their creditors are best served if the Debtors' Chapter 11 cases are jointly administered. The benefits of joint administration would include a reduction in costs, the opportunity for creditors to be informed about all three cases, the judicial economy of the matters in all cases set jointly for hearing, and the practical and expedient management of the cases.

14. The joint administration of the bankruptcy cases of CEPIS and CEP LLC with the case of CEP Inc. is both sensible and practical due to CEPIS' and CEP LLC's statuses as indirect

and direct subsidiaries, respectively, of CEP Inc. The Debtors function collectively as an operating joint enterprise and the Company maintains consolidated financial statements. Any Transaction during the bankruptcy cases would likely include a majority, if not all, of the assets of the Company.

15. Moreover, the majority of the Company's assets and obligations are held by CEP LLC, and, at any rate, the Debtors will maintain separate claims registers for each Debtor to ensure that claims remain segregated where appropriate. Thus, the risk and extent that there may be conflicting interests among creditors or that creditors will suffer prejudice, is limited.

16. The Debtors anticipate that numerous motions, hearings and orders will be made in these cases which will affect all of the Debtors. Jointly administering the bankruptcy cases will facilitate the efficient administration of the bankruptcy estates and avoid any unnecessary duplication of work performed.

17. In addition to the foregoing, Gloria Fan, the Chief Financial Officer of CEP Inc. and CEP LLC, is the proposed natural person responsible for all of Debtors pursuant to Bankruptcy Local Rule 4002-1. Because Ms. Fan will be the responsible individual for all three estates, it would be both convenient and efficient to have all three cases jointly administered.

C.  **PROPOSED PROCEDURE FOR JOINT ADMINISTRATION**

18. CEP Inc. proposes that all pleadings in these cases be e-filed and docketed under CEP Inc.'s bankruptcy case as the lead case.

19. With respect to distinct claims against a Debtor, parties will be required to file proofs of claim in the applicable bankruptcy case. Separate claim registers will be maintained by the Clerk's Office, or a claims agent if approved by the Court, for each Debtor.

D.  **APPROVAL OF CAPTION**

   1. **Summary of Relief Sought**

20. CEP Inc. requests that this Court approve the Debtors' use of a caption substantially similar to the caption attached hereto as **Exhibit "A"** for all pleadings and notices subsequently filed and served in the Debtors' cases.

   2. **The Proposed Forms Of Captions Are Appropriate In This Case.**

21. Fed. R. Bankr. P. 9004(b) requires a pleading caption to set forth the title of a

bankruptcy case. Fed. R. Bankr. P. 1005 specifies that the title must include all names used by a debtor within the last eight years. However, the Advisory Committee Notes to Official Bankruptcy Form 16B provide that the information, including all aliases, required by Fed. R. Bankr. P. 1005 is necessary "in the petition, the notice of the meeting of creditors, the order of discharge and the documents relating to the plan in chapter 11 cases." The Advisory Committee Notes to Official Form 16B further specifically provide that "[i]n other notices, motions, applications, and papers filed in a case, however, a short title containing simply the name of the debtor or joint debtors may be used. Additional names, such as any under which the debtor has engaged in business, may be included in the short title as needed." In addition, the 1995 Amendments to the Advisory Committee Notes to Official Form 16B provide that debtors may use a short form of caption for all pleadings to which section 342(c) of the Code does not apply. The title heading to Official Form 16B also provides that it may be used when section 342(c) is not applicable.

22. Section 342(c)(1) of the Code provides that if notice is required to be given by the debtor to a creditor, such notice shall contain the name, address and last 4 digits of the tax payer identification number. Additionally, Fed. R. Bankr. P. 2002(n) provides that the caption of every notice given under that rule shall comply with Fed. R. Bankr. P. 1005 and that the caption of every notice required to be given by the debtor to a creditor shall include the information required to be in the notice by section 342(c). Finally, Fed. R. Bankr. P. 2002(m) provides that this Court may, from time to time, enter orders designating matters with respect to which, the entity to whom, and the form and manner in which notices shall be sent except at otherwise provided by the bankruptcy rules.

23. With respect to notices subsequently filed and served in the Debtors' cases, CEP Inc. requests this Court approve the Debtors' use of a caption substantially similar to the caption attached hereto as **Exhibit "A"**. The proposed form of caption in **Exhibit "A"** provides all information required by section 342(c), Fed. R. Bankr. P. 1005 and Fed. R. Bankr. P. 2002 but does so in a modified format in that the Debtors' names from the last eight years are not included.

**WHEREFORE**, CEP Inc. prays that this Court enter its order as follows:

1. Granting this Motion and approving the joint administration of the Debtors'

TTH/STO:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Jt Admin\Mot v5.docx

6

EX PARTE MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF ESTATES

Case: 14-51955    Doc# 9    Filed: 05/02/14    Entered: 05/02/14 12:40:07    Page 6 of 7

1. bankruptcy cases;

2. Approving the proposed caption for the jointly administered cases as attached hereto;

3. Directing all parties in interest and the Clerk of the Court to e-file and docket all pleadings in the Debtors' cases in the case of CEP Inc. using the proposed caption;

4. Directing the Clerk's Office, or claims agent if approved by the Court, to maintain separate claim registers for all of the Debtors;

5. Approving the short form caption in substantially the form attached hereto as **Exhibit "A"** and directing the Debtors to use a caption substantially similar to **Exhibit "A"** for all pleadings and notices subsequently filed and served in the Debtors' cases; and

7. For such other and further relief as the Court deems just and proper.

Dated: May 2, 2014                **DORSEY & WHITNEY LLP**

By: */s/ John Walshe Murray*
John Walshe Murray
Attorneys for Debtors