

JOHN WALSHE MURRAY (074823)
STEPHEN T. O'NEILL (115132)
ROBERT A. FRANKLIN (091653)
THOMAS T. HWANG (218678)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
Email: murray.john@dorsey.com
Email: oneill.stephen@dorsey.com
Email: franklin.robert@dorsey.com
Email: hwang.thomas@dorsey.com

Attorneys for Debtors

The following constitutes
the order of the court. Signed May 12, 2014

_____
Charles Novack
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**CLEAREDGE POWER, INC.**,<br>Employer Tax I.D. No. 20-0119415<br><br>**CLEAREDGE POWER, LLC**<br>Employer Tax I.D. No. 06-1517615<br><br>**CLEAREDGE POWER INTERNATIONAL SERVICE, LLC**<br>Employer Tax I.D. No. 27-3468551<br><br>Debtor(s).<br><br>920 Thompson Place, Suite 100<br>Sunnyvale, California 94085 | Case No. 14-51955-11-CN<br><br><br>Case No. 14-51956-11-CN<br><br><br>Case No. 14-51960-11-CN<br><br>Cases Jointly Administered<br>Under Chapter 11<br><br>Date: May 9, 2014<br>Time: 11:00 a.m.<br>Place: 280 S. First Street, Room 3070<br>San Jose, CA 95113<br>Judge: Honorable Charles Novack |

**ORDER (A) AUTHORIZING DEBTORS TO MAINTAIN EXISTING BANK ACCOUNTS AND CONTINUE USE OF BUSINESS FORMS AND CHECKS, (B) AUTHORIZING DEBTORS TO CONTINUE USE OF PRE-PETITION CASH MANAGEMENT SYSTEM, (C) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION INTERCOMPANY CLAIMS AND (D) FOR LIMITED RELIEF FROM AUTOMATIC STAY**

ClearEdge Power, Inc's. ("CEP"), ClearEdge Power LLC's ("CEP LLC") and ClearEdge

RAF:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\1st Day\Cash Mgmt\Ordv3.docx
1
MOTION TO CONTINUE PRE-PETITION CASH MANAGEMENT PRACTICES

Case: 14-51955   Doc# 42   Filed: 05/12/14   Entered: 05/12/14 14:43:40   Page 1 of 8

Power International Services LLC's ("CEPIS" and collectively with CEP and CEP LLC, the "Debtors" or "Company") MOTION FOR ORDER (A) AUTHORIZING DEBTORS TO MAINTAIN EXISTING BANK ACCOUNTS AND CONTINUE USE OF BUSINESS FORMS AND CHECKS, (B) AUTHORIZING DEBTORS TO CONTINUE USE OF PRE-PETITION CASH MANAGEMENT SYSTEM, (C) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION INTERCOMPANY CLAIMS AND (D) FOR LIMITED RELIEF FROM AUTOMATIC STAY (the "Motion" or the "Cash Management Motion") came on for hearing on shortened notice in the above-referenced Bankruptcy Court, the Honorable Charles Novack, United States Bankruptcy Judge, presiding. The Debtors appeared by counsel John Walshe Murray and Robert A. Franklin; other appearances were as noted on the record. The Court having reviewed the pleadings filed in support of the Motion; having heard the argument and representations of counsel, the Court having determined that the relief requested is necessary to avoid immediate and irreparable harm to the estates and that notice of the interim hearing was adequate under the circumstances; and good cause appearing therefore;

**IT IS HEREBY ORDERED** that the Motion be, and hereby is, granted as modified herein;

**IT IS HEREBY FURTHER ORDERED** that the Debtors are authorized, but not directed, to continue to utilize the Cash Management System[1], including, but not limited to, the Intercompany Transactions, in the ordinary course of its business;

**IT IS HEREBY FURTHER ORDERED** that the Debtors are authorized, but not directed, to maintain the Bank Accounts, including the Lender Restricted Bank Accounts, the Mellon Account, the Master Operating Account, the Oregon Operating Account, the Wells Fargo LC Bank Account and other accounts as are listed on **Exhibit "A"** hereto, provided that (i) any such depositories authorized by the U.S. Trustee under the Guidelines designate such account as "DIP Accounts"; (ii) any new accounts opened by the Debtors be designated "DIP Accounts; and, (iii) all existing accounts at non-authorized depositories shall be closed and the funds transferred to DIP accounts at authorized depositories, with the exception of customer lock-box accounts; any amounts received and deposited by the Debtors in such lock-box accounts shall be immediately transferred

---

[1] Capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Motion.

into DIP Accounts at authorized depositories;

**IT IS HEREBY FURTHER ORDERED** that the Debtors are authorized, but not directed, to continue using their existing business forms and checks;

**IT IS HEREBY FURTHER ORDERED** that all banks where the Debtors maintain Bank Accounts are authorized to: (a) continue to service and administer the Bank Accounts in the manner maintained prior to the Petition Date without interruption and in the usual and ordinary course; (b) continue to deduct, without further order from this Court, from the appropriate Bank Accounts the bank's customary fees and expenses associated with the nature of the deposit or cash management or custodial services rendered to the Debtors; and (c) receive, process, honor, and pay any and all checks, drafts, or wires issued or initiated by the Debtors, and drawn on the Bank Accounts by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by any bank only if the underlying payment is authorized by separate order;

**IT IS HEREBY FURTHER ORDERED** that as to the Bank Accounts maintained by the Debtors with Wells Fargo (collectively, the "<u>Wells Fargo Bank Accounts</u>"):

1. The existing deposit agreements, Commercial Account Agreements, and Treasury Management Services Agreement previously executed between the Debtors and Wells Fargo shall continue to govern the cash management relationship between the Debtors and Wells Fargo and all terms of all such agreements, including, without limitation, the termination and fee provisions shall remain in full force and effect.

2. The Debtors and Wells Fargo may, without further Order of this Court, agree to implement changes in the cash management systems and procedures governing said Wells Fargo Bank Accounts in the ordinary course of business, including, without limitation, the opening and closing of said accounts.

3. Bank is authorized to debit the Wells Fargo Bank Accounts in the ordinary course of business without the need for further Order of this Court for (i) all checks drawn on the Wells Fargo Bank Accounts that were cashed at the Bank's counters or exchanged for cashier's checks by the payees prior to the Petition Date; (ii) all checks or other items deposited in the Wells Fargo Bank

Accounts prior to the Petition Date that have been dishonored or returned or unpaid for any reason, together with any fees and costs in connection therewith, to the same extent that the Debtors were responsible for those items prior to the Petition Date; and (iii) all undisputed pre-Petition Date amounts outstanding as of the date hereof, if any, owed to the Wells Fargo as services or other charges for the maintenance of the cash management systems.

4. Wells Fargo may rely on representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any Order of this Court, and the Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

**IT IS HEREBY FURTHER ORDERED** that no checks or drafts issued on the Bank Accounts before the Petition (the "Pre-Petition Date Claim Checks") but presented for payment after Petition Date be honored or paid and the Debtors shall provide the Banks with a list of outstanding pre-Petition Date Claim Checks identifying the Pre-Petition Date Claim Checks within three days after the entry of this Order authorizing such Pre-Petition Claim Checks so that it is clear which checks may be paid.

**IT IS HEREBY FURTHER ORDERED** that post-petition Intercompany Transfers be, and hereby are, granted administrative expense status;

**IT IS HEREBY FURTHER ORDERED** that Wells Fargo be, and hereby is, granted limited relief from automatic stay in effect pursuant to 11 U.S.C. section 362 to allow Wells Fargo to apply amounts on deposit in the Wells Fargo LC Bank Account to the outstanding balance under the Credit Card Program and to any amounts that may become due by reason of draws under the letters of credit issued by Wells Fargo and fees and expenses associated with the maintenance of said letters of credit.

**IT IS HEREBY FURTHER ORDERED** that the stays, under Bankruptcy Rules 4001(a)(3) and 6004(h) be, and hereby are, waived.

/ / /

/ / /

/ / /

APPROVED AS TO FORM AND CONTENT

Dated: May 12, 2014     DUANE MORRIS LLP


By: */s/ Aron M. Oliner*
Aron M. Oliner
Attorney for the *Ad Hoc* Committee of
Unsecured Creditors


Dated: May 12, 2014     By: */s/ John S. Wesolowski*
John S. Wesolowski
Attorney for United States Trustee


Dated: May 12, 2014     **JEFFER, MANGELS, BUTLER & MITCHELL LLP**


By: */ s/ Robert B. Kaplan*
Robert B. Kaplan
Attorney for Wells Fargo Bank, N.A.

**\*\*\* END OF ORDER \*\*\***

**COURT SERVICE LIST**

None

JOHN WALSHE MURRAY (074823)
STEPHEN T. O'NEILL (115132)
ROBERT A. FRANKLIN (091653)
THOMAS T. HWANG (218678)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
Email: murray.john@dorsey.com
Email: oneill.stephen@dorsey.com
Email: franklin.robert@dorsey.com
Email: hwang.thomas@dorsey.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

In re:

**CLEAREDGE POWER, INC.**,
Employer Tax I.D. No. 20-0119415

Case No. 14-51955-11-CN

**CLEAREDGE POWER, LLC**
Employer Tax I.D. No. 06-1517615

Case No. 14-51956-11-CN

**CLEAREDGE POWER INTERNATIONAL SERVICE, LLC**
Employer Tax I.D. No. 27-3468551

Case No. 14-51960-11-CN

Debtor(s).

920 Thompson Place, Suite 100
Sunnyvale, California 94085

Cases Jointly Administered
Under Chapter 11

Date: May 9, 2014
Time: 11:00 a.m.
Place: 280 S. First Street, Room 3070
San Jose, CA 95113
Judge: Honorable Charles Novack

**EXHIBIT "A" TO**

**ORDER (A) AUTHORIZING DEBTORS TO MAINTAIN EXISTING BANK ACCOUNTS AND CONTINUE USE OF BUSINESS FORMS AND CHECKS, (B) AUTHORIZING DEBTORS TO CONTINUE USE OF PRE-PETITION CASH MANAGEMENT SYSTEM, (C) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION INTERCOMPANY CLAIMS AND (D) FOR <u>LIMITED RELIEF FROM AUTOMATIC STAY</u>**

EXHIBIT COVER

Case: 14-51955    Doc# 42    Filed: 05/12/14    Entered: 05/12/14 14:43:40    Page 7 of 8

**Exhibit A**

| Description | Bank Name | Account Number | Acct Name | Acct Type | Notes |
|---|---|---|---|---|---|
| Lender Restricted Bank Accounts | Talmer Bank & Trust | 328704192 | ClearEdge Power Corporation | Commercial Checking | Lockbox – direct debits by Talmer for Notes Payable obligations ~$200k per mo. |
| Lender Restricted Bank Accounts | Wells Fargo | 4129325239 | ClearEdge Power Finance LLC | Checking - Restricted | Restricted – DACA Account. Reserve account. Related to Note Payable to REF Investments. |
| Lender Restricted Bank Accounts | Wells Fargo | 4127855401 | ClearEdge Power Finance LLC | Checking - Restricted | Restricted – DACA Account. Customer receipt accounts. Related to Note Payable to REF Investments. |
| Mellon Account | Mellon Bank | 000-1211205 | ClearEdge Power Corporation | Commercial Checking | Lockbox – Balance transferred to Master Operating Account. |
| Master Operating Account | Chase | 205008517 | ClearEdge Power Corporation | Commercial Checking | Primary Operating account - ~$1M activity per week |
| Oregon Operating Account | Wells Fargo | 4121755367 | ClearEdge Power, Inc. | Sweep (checking) | Operating Account for Oregon office - ~$40K of activity monthly, excluding internal transfers |
| Wells Fargo LC Bank Account | Wells Fargo | 2832691626 | ClearEdge Power, Inc. | Savings - Restricted | Restricted – used as collateral for Letters of Credit and reserve for Credit Card Program. |
| Other Accounts | East West Bank | 8045005249 | ClearEdge Power, LLC | Checking | Checking account. Funds held and not moved. |
| Other Accounts | Wells Fargo | 4238881981 | ClearEdge Power, LLC | Checking | New Operating Account – not yet funded |
| Other Accounts | Wells Fargo | 4123124984 | CEP Project Manager Checking | Checking | Little activity, maintains a consistent balance. |
| Other Accounts | Wells Fargo | 1AB35562 | ClearEdge Power, Inc. | Investment (Money Market) | Minimal to no activity. |
| Other Accounts | Chase | 601822265 | ClearEdge Power Corporation | Commercial Checking - Payroll | Minimal to no activity. |
| Other Accounts | Chase | 601826944 | ClearEdge Power Corporation | Disbursements | Disbursements account – zero balance account |
| Other Accounts | Chase | 205008528 | ClearEdge Power Corporation | Disbursements | Disbursements account – zero balance account |
| Other Accounts | Chase | 323020984 | ClearEdge Power Corporation | Commercial Checking | Operating account – limited activity. Some Gov't customers wire into this account. |
| Other Accounts | Shinhan Bank | 100-027-247160 | ClearEdge Power Korea Branch | Checking | Minimal to no activity. Branch is mostly idle. |
| Other Accounts | Citibank | 5-032313-002 | UTC Power International Service LLC | Commercial Checking | Minimal to no activity. |
| Other Accounts | Citibank | 5-034448-002 | ClearEdge Power International Service | Commercial Checking | Weekly transactions ~$5,000. Some big swings due to VAT tax. |
| Other Accounts | Citibank | 5-032313-029 | UTC Power International Service LLC | Commercial Checking | Minimal to no activity. |
| Other Accounts | Citibank | 5-034448-029 | ClearEdge Power International Service | Commercial Checking | Minimal to no activity. |