the Court having granted the relief requested by the Debtors pursuant to the Sale Motion (the "Sale Order") approving the sale of substantially all of the Debtors' assets (the "Purchased Assets") to Doosan Corporation, a company organized under the laws of the Republic of Korea (the "Buyer") as more particularly set forth in the Asset Purchase Agreement, dated June [26], 2014 (the "Purchase Agreement") among the Debtors (collectively, the "Sellers") and the Buyer; [objections to the Motion and related joinders having been filed by [_____] (collectively, the "Objections")] [NTD: TO BE INCLUDED IF OBJECTIONS ARE FILED. FURTHER FILINGS TO BE ADDED IF AND WHEN MADE.]; the Court having considered the Motion, the Objections, the [_____] and any and all other papers filed with the Court relating thereto; it appearing that no objections to the relief requested by the Motion other than the Objections having been filed; the Court having further considered the arguments of counsel with respect to the Motion and the relief granted herein, and the evidence submitted, proffered or adduced with respect thereto, at the hearing conducted on July [11], 2014 (the "Assumption Hearing"); notice of the Motion and the relief granted herein having been adequate and appropriate under the circumstances and in full compliance with the Bid Procedures Order; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having determined that a sound business purpose exists to grant the relief contained herein and that the legal and factual bases set forth in the Motion and on the record at the Sale Hearing establish just cause for the relief granted herein and for waiver of the 14-day stay otherwise imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the entire record of the Assumption Hearing; and after due deliberation and sufficient cause appearing therefor:

Case: 14-51955   Doc# 148-4   Filed: 06/30/14   Entered: 06/30/14 13:44:57   Page 1 of 26

THE COURT HEREBY FINDS AND DETERMINES THAT:[2]

**The Debtors and the Bankruptcy Cases**

A. On May 1, 2014 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By an order of the Court [Docket No. 10], the Debtors' chapter 11 cases (together, the "Bankruptcy Cases") have been consolidated for procedural purposes only and are being administered jointly.

**Jurisdiction, Final Order and Statutory Bases**

B. The Court has jurisdiction over the Motion and the transactions contemplated by the Purchase Agreement, including the assumption by the Sellers and assignment to the Buyer and/or its designee(s) of certain executory contracts and unexpired leases (together, the "Assumption Transaction") pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue of the Bankruptcy Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought herein are sections 105(a), and 365(a), (b) and (f) of the Bankruptcy Code and Bankruptcy Rules 2002, 6006, 6007 and 9014.

D. This Assumption Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court finds that there is no just reason for

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated into this order (this "Assignment Order") to the extent not inconsistent herewith.

1502541.2 06/25/2014

delay in the implementation of this Assumption Order, and directs entry of judgment as set forth herein.

<u>**The Establishment of the Sale Process**</u>

E.    By their *Motion to Approve Bid Procedures and Related Matters Re Sale of Certain Assets to the Debtors* [Docket No. 53] (as amended by their *Amended Motion to Approve Bid Procedures and Related Matters Re Sale of Certain Assets to the Debtors* [Docket No. 61]), the Debtors sought authority to approve a process (the "<u>Sale Process</u>") for the sale of substantially all of the Sellers' assets, including the sale of the Purchased Assets.

F.    By the Bid Procedures Order, the Court approved certain notice and bidding procedures for the sale of the Debtors' assets and the related assumption and assignment of executory contracts and unexpired leases, which procedures are described in the Bid Procedures Order and Exhibit [___] thereto (as amended, supplemented or otherwise modified from time to time, the "<u>Bid Procedures</u>").

<u>**Notice of the Assumption Motion**</u>

G.    As evidenced by the certificates of service filed with the Court, proper, timely, adequate and sufficient notice of the Motion, the Assumption Transaction, the Assumption Hearing and the relief granted herein has been provided in accordance with sections 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014 and the Bid Procedures Order, including, without limitation, as set forth in the [NOTICE OF SERVICE]. [NTD: TO BE COMPLETED BY DW.] (the "<u>Notice Parties</u>").

H.    In accordance with the provisions of the Bid Procedures Order, the Debtors filed the Assumption Notice with the Court and served the Assumption Notice by first-class postage-prepaid on all Notice Parties. The Assumption Notice identified the executory Contracts and Leases (as those terms are defined in the Purchase Agreement) that may be assumed by the

1502541.2 06/25/2014

Sellers and assigned to the Buyer and/or its designee(s) pursuant to the Purchase Agreement and provided the corresponding Cure Cost amounts.

I. The above-described notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion, the Assumption Hearing or the entry of this Assignment Order shall be required.

J. A reasonable opportunity to object or be heard regarding the relief granted herein has been afforded to all interested persons and entities consistent with the Bid Procedures Order.

K. The proposed assumption and assignment of the Assumed Contracts and the Assumed Leases (each as defined in the Purchase Agreement) is a reasonable exercise of the Debtors' business judgment. The Assumption Notice provided a Cure Cost amount for each Contract and Lease. The Debtors have, including by way of entering into the Purchase Agreement, and the provisions relating to the Assumed Contracts and Assumed Leases therein, (i) cured, or provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assumed Contracts or Assumed Leases, within the meaning of section 365(b)(l)(A) of the Bankruptcy Code, and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts or Assumed Leases, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and Buyer and all of its applicable designee(s) has provided adequate assurance of future performance of and under the Assumed Contracts and Assumed Leases, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code. The Buyers' and the applicable Buyer's designee(s)' promise to perform the obligations under the Assumed Contracts and Assumed Leases after the Closing shall constitute adequate assurance of future performance under the Assumed Contracts and Assumed Leases

1502541.2 06/25/2014

being assigned to them within the meanings of sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code.

### NOW THEREFORE, IT IS HEREBY ORDERED THAT:

### General Provisions

1.     The relief requested in the Motion with respect to the assumption and assignment of the Assumed Contracts and the Assumed Leases, including the authority to consummate the Assumption Transaction, is granted and approved as set forth herein.

2.     This Court's findings of fact and conclusions of law set forth in the Bid Procedures Order and the Sale Order, are incorporated herein by reference.

3.     All objections to the Motion related to the assumption and the assignment of the Assumed Contracts and Assumed Leases and the other relief granted herein (including all reservations of rights included in such objections) that have not been withdrawn, waived or settled are hereby overruled on the merits and denied.

### Assumption and Assignment of Contracts

4.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing (as defined in the Purchase Agreement), the Debtors' assumption and assignment to Buyer (or Buyer's designee(s)), and Buyer's (or Buyer's designee(s)') assumption on the terms set forth in the Purchase Agreement, of the Assumed Contracts and Assumed Leases are hereby approved, and the requirements of section 365(b)(l) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

5.     The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign to Buyer and/or its designee(s), effective upon and subject to the occurrence of the Closing, the Assumed Contracts and Assumed Leases free and clear of all Liens, Claims and Interests of any kind or nature whatsoever, which Assumed

-6-

Contracts and Assumed Leases by operation of this Assumption Order, shall be deemed assumed and assigned effective as of the Closing, and (b) execute and deliver to Buyer such documents or other instruments as may be necessary to assign and transfer the Assumed Contracts and Assumed Leases to Buyer and/or its designee(s).

6.     Subsequent to entry of this Assumption Order up to the Designation Deadline and in accordance with the Purchase Agreement, Buyer may, in its sole and absolute discretion, designate as Assumed Contracts or Assumed Leases, as applicable, any Contracts or Leases not identified as Assumed Contracts or Assumed Leases, as applicable, as of the date of entry of this Assumption Order; provided, however, that Buyer may not designate as Assumed Contracts or Assumed Leases, as applicable, any Contracts or Leases which the Debtors have identified in a written notice to Buyer delivered prior to the end of the Auction as being (a) terminated or rejected or (b) subject to an agreement in principle with a third party regarding assignment, transfer or sale to such third party. Automatically upon the designation of any Contract or Lease as an Assumed Contract in accordance with the Purchase Agreement, such Contract or Lease shall be deemed an Assumed Contract or Assumed Lease, as applicable, for all purposes. Subsequent to entry of this Assumption Order up to the Designation Deadline and in accordance with the Purchase Agreement, Buyer may also, in its sole and absolute discretion, delete any Assumed Contract from the applicable schedules to the Purchase Agreement. Automatically upon the deletion of any Assumed Contract, it shall not be an Assumed Contract, and no Liabilities arising thereunder shall be assumed or borne by the Buyer, its designee(s) any of their respective affiliates (and their successors and assigns).

7.     Subject to paragraph 8, the Assumed Contracts and Assumed Leases shall be transferred and assigned to, and following the Closing of the Assumption Transaction, remain in

1502541.2 06/25/2014

full force and effect for the benefit of, Buyer (or Buyer's designee(s)) in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract or Assumed Lease or any requirement of applicable law (including, in each case, those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits or conditions in any way such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts and Assumed Leases after such transfer and assignment to Buyer (or Buyer's designee(s)). Subject to paragraph 8, the Debtors may assume Assumed Contracts and Assumed Leases which are executory contracts and unexpired leases of the Debtors in accordance with section 365 of the Bankruptcy Code. Subject to paragraph 8, the Debtors may assign each Assumed Contract and Assumed Leases to Buyer (or Buyer's designee(s)) in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assumed Contract or Assumed Lease that prohibit or condition the assignment of such Assumed Contract or Assumed Lease or allow the non-debtor party to such Assumed Contract or Assumed Lease to terminate, recapture, impose any penalty, condition, renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract or Assumed Lease, shall constitute unenforceable anti-assignment provisions which are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption and assignment by the Debtors to Buyer (or Buyer's designee(s)) of each Assumed Contract and Assumed Lease have been satisfied. Upon Closing, and subject to paragraph 8, in accordance with sections 363 and 365 of the Bankruptcy Code, Buyer (or Buyer's Designee(s)) shall be fully and irrevocably vested in all right, title and interest of each Assumed Contract and Assumed Lease. Any portion of any Assumed Contract or Assumed Lease which purports to permit a

1502541.2 06/25/2014

landlord thereunder to cancel the remaining term of such Assumed Contract or Assumed Lease if the Debtors discontinue their use or operation of the leased premises is void and of no force and effect, and shall not be enforceable against Buyer, its designee(s), their respective assignees and sublessees; and the landlords under any such Assumed Contract or Assumed Lease shall not have the right to cancel or otherwise modify the Assumed Contract or Assumed Lease or increase the rent, assert any claim or impose any penalty by reason of such discontinuation, the Debtors' cessation of operations, the assignment of such Assumed Contract or Assumed Lease to Buyer (or Buyer's designee(s)), or the interruption of business activities at any of the leased premises.

8.     All defaults or other obligations of the Debtors under the Assumed Contracts and Assumed Leases arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code), are deemed satisfied by the payment of the Cure Costs with respect to each Assumed Contract and Assumed Lease in those amounts set forth in the Assumption Notice, which was served in compliance with the Bidding Procedures Order, and which were satisfied, or shall be satisfied as soon as practicable, by the Debtors or by the Buyer or Buyer's designee(s) (and their successors and assigns), as the case may be, as provided in the Purchase Agreement, and Buyer has provided adequate assurance of future performance of and under the Assumed Contracts and Assumed Leases, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

9.     With the exception of the Cure Costs to be paid in accordance with the Purchase Agreement, the Buyer, its designee(s) and their respective affiliates  shall not have any liability or obligation to any non-Debtor party to an Assumed Contract or Assumed Lease in relation to or in connection with any default, action, Liability or other cause of action existing as of the date of

1502541.2 06/25/2014

the Sale Hearing whether asserted or not. Except as provided in the Purchase Agreement or this Assumption Order, after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such claims are forever barred and estopped from asserting such claims against the Debtors, their successors or assigns, their property or their assets or estates. Each non-Debtor party to an Assumed Contract or Assumed Lease hereby is forever barred, estopped, and permanently enjoined from asserting any objection to the assumption and assignment of such non-Debtor party's Assumed Contract or Assumed Lease (except to the extent any such objection was sustained by order of this Court).

10. For the avoidance of doubt, that certain Seller License Agreement, dated as of [_____], 2013, by and between United Technologies Corporation, a Delaware corporation, as licensor, and ClearEdge Power, Inc., an Oregon corporation, as licensee, shall constitute an Assumed Contract assumed by the Debtors and assigned to the Buyer (or the Buyer's designee(s)) in accordance with the terms of this Assumption Order.

### Additional Provisions

11. The Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Assumption Order, the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the Closing Documents executed in connection therewith to which the Debtors are a party or any agreement that has been assigned by the Debtors to the Buyer or Buyer's designee(s), and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Assumption Transaction.

12. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of this Assumption Order.

1502541.2 06/25/2014

13.     Pursuant to Bankruptcy Rules 6004(h) and 7062, this Assumption Order shall be effective and enforceable immediately upon its entry, and the Assumption Transaction approved by this Assumption Order may close immediately upon entry of this Sale Order, notwithstanding any otherwise applicable stay.

14.     The provisions of this Assumption Order and the Sale Order are non-severable and mutually dependent.


Date: _____, 2014
        San Jose, California

_____
The Honorable Charles Novack
United States Bankruptcy Judge

1502541.2 06/25/2014

1  JOHN WALSHE MURRAY (074823)
   STEPHEN T. O'NEILL (115132)
2  ROBERT A. FRANKLIN (091653)
   THOMAS T. HWANG (218678)
3  DORSEY & WHITNEY LLP
   305 Lytton Avenue
4  Palo Alto, CA 94301
   Telephone: (650) 857-1717
5  Facsimile: (650) 857-1288
   Email: murray.john@dorsey.com
6  Email: oneill.stephen@dorsey.com
   Email: franklin.robert@dorsey.com
7  Email: hwang.thomas@dorsey.com

8  Attorneys for Debtors

9

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13  In re:                              )
                                        )
14  **CLEAREDGE POWER, INC.,**          )   Case No. 14-51955-CN-11
    Employer Tax I.D. No. 20-0119415    )
15                                      )
                                        )
16  **CLEAREDGE POWER, LLC**            )   Case No. 14-51956-CN-11
    Employer Tax I.D. No. 06-1517615    )
17                                      )
                                        )
18  **CLEAREDGE POWER**                 )   Case No. 14-51960-CN-11
    **INTERNATIONAL SERVICE, LLC**      )
19  Employer Tax I.D. No. 27-3468551    )
                                        )   Cases Jointly Administered
20            Debtor(s).                )   Under Chapter 11
                                        )
21  920 Thompson Place, Suite 100       )
    Sunnyvale, California 94085         )
22                                      )

23          **ORDER PURSUANT TO SECTIONS 105 AND 363**
    **OF THE BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF SUBSTANTIALLY**
24  **ALL OF THE DEBTORS' ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS**
    **AND ENCUMBRANCES, (II) APPROVING ASSET PURCHASE AGREEMENT AND (III)**
25                  **GRANTING RELATED RELIEF**

26

27          This matter coming before the Court on the [*Motion of the Debtors for Entry of an Order (A)*

28

H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx          1                                    CAPTION

*Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims,*
*Encumbrances and Interests, (B) Approving Asset Purchase Agreement and (C) Granting Related*
*Relief]* [NTD: TO MATCH SALE MOTION WHEN FILED.], filed by the above-captioned debtors
(collectively, the "Debtors") on June [__], 2014 [Docket No. [__]] (the "Motion");[1] this Court (the
"Court") having entered, on June [26], 2014, the *Order Approving Bid Procedures and Related*
*Matters Re Sale of Certain Assets of the Debtors* [Docket No. [__]] (the "Bid Procedures Order");
the Debtors having filed the [*Notice of Successful Bidder*] [NTD: TO BE COMPLETED BY DW.]
on July [__], 2014 [Docket No. [__]] (the "Successful Bidder Designation"), designating Doosan
Corporation, a company organized under the laws of the Republic of Korea (the "Buyer") as the
Successful Bidder for substantially all of the Sellers' assets (the "Purchased Assets") as more
particularly set forth and as defined in the Asset Purchase Agreement, dated June [26], 2014 (the
"Purchase Agreement") among the Debtors (collectively, the "Sellers") and the Buyer [NTD: TO
BE MODIFIED AS NECESSARY IF REF INVESTMENTS, LTD. MAKES A SALE
ELECTION.]; [objections to the Motion and related joinders having been filed by [_____]
(collectively, the "Objections")] [NTD: TO BE INCLUDED IF OBJECTIONS ARE FILED.
FURTHER FILINGS TO BE ADDED IF AND WHEN MADE.]; the Court having considered the
Motion, [the Successful Bidder Designation,] the Objections, the [_____] and any and all other
papers filed with the Court relating thereto; it appearing that no objections to the relief requested by
the Motion other than the Objections having been filed; the Court having further considered the
arguments of counsel with respect to the Motion and the relief granted herein, and the evidence
submitted, proffered or adduced with respect thereto, at the hearing conducted on July [11], 2014
(the "Sale Hearing"); notice of the Motion and the relief granted herein having been adequate and
appropriate under the circumstances and in full compliance with the Bid Procedures Order; it
appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and
other parties in interest; the Court having determined that a sound business purpose exists to grant
the relief contained herein and that the legal and factual bases set forth in the Motion and on the

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion, the
Purchase Agreement or the Bid Procedures Order (as defined below), as applicable.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx
2
ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

Case: 14-51955    Doc# 148-4    Filed: 06/30/14    Entered: 06/30/14 13:44:57    Page 12
of 26

record at the Sale Hearing establish just cause for the relief granted herein and for waiver of the 14-day stay otherwise imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the entire record of the Sale Hearing; and after due deliberation and sufficient cause appearing therefor:

THE COURT HEREBY FINDS AND DETERMINES THAT:[2]

### I. THE DEBTORS AND THE BANKRUPTCY CASES

A. On May 1, 2014 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By an order of the Court [Docket No. 10], the Debtors' chapter 11 cases (together, the "Bankruptcy Cases") have been consolidated for procedural purposes only and are being administered jointly.

### II. JURISDICTION, FINAL ORDER AND STATUTORY BASES

B. The Court has jurisdiction over the Motion and the transactions contemplated by the Purchase Agreement (together, the "Sale Transaction") pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue of the Bankruptcy Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought herein are sections 105(a) and 363(b), (f) and (m) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6007 and 9014.

D. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court finds that there is no just reason for delay in the implementation of this Sale Order, and directs entry of judgment as set forth herein.

///

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated into this order (this "Sale Order") to the extent not inconsistent herewith.

/ / /

## III.  THE ESTABLISHMENT OF THE SALE PROCESS

E.      By their *Motion to Approve Bid Procedures and Related Matters Re Sale of Certain Assets to the Debtors* [Docket No. 53], the Debtors sought authority to approve a process (the "Sale Process") for the sale of substantially all of the Sellers' assets, including the sale of the Purchased Assets.

F.      By the Bid Procedures Order, the Court approved certain notice and bidding procedures for the sale of the Debtors' assets and the related assumption and assignment of executory contracts and unexpired leases, which procedures are described in the Bid Procedures Order and Exhibit [   ] thereto (as amended, supplemented or otherwise modified from time to time, the "Bid Procedures").

### The Assumption Motion

G.      Concurrently with the filing and service of the Sale Motion, the Debtors filed their and the Court heard (the "Assumption Hearing") the *Motion For Entry Of Order Approving The Assumption And Assignment Of Certain Executory Contracts And For Related Relief* (the "Assumption Motion").  In a separate order to be entered (the "Assumption Order"), it is expected that the Court will grant the relief requested by the Assumption Motion on the terms and conditions set forth in the Purchase Agreement and on the record at the Assumption Hearing.

## IV.  NOTICE OF THE SALE AND STALKING HORSE BIDDER

H.      As evidenced by the certificates of service filed with the Court, proper, timely, adequate and sufficient notice of the Motion, the Sale Transaction, the Sale Hearing and the relief granted herein has been provided in accordance with section 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and the Bid Procedures Order, including, without limitation, as set forth in the [NOTICE OF SERVICE]. [NTD:  TO BE COMPLETED BY DW.]

I.      The above-described notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion, the Sale Transaction, the Sale Hearing, the Assumption Motion, the Assumption Hearing or the entry of this Sale Order shall be required.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

4

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

J.     A reasonable opportunity to object or be heard regarding the relief granted herein has been afforded to all interested persons and entities consistent with the Bid Procedures Order.

K.     As demonstrated by (i) the testimony and/or other evidence submitted, proffered or adduced at the Sale Hearing and the Assumption Hearing, (ii) the representations of counsel made on the record at the Sale Hearing and (iii) the record of the Bankruptcy Cases and all prior proceedings in this case held before the Court, the Debtors have adequately and appropriately (a) marketed the Purchased Assets and conducted the Sale Process in compliance with the Bid Procedures Order; (b) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offers to acquire the Purchased Assets; and (c) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets.

## V.     GOOD FAITH OF THE SUCCESSFUL BIDDER

L.     The Buyer was designated the Successful Bidder for the Purchased Assets on the terms and conditions contained in the Purchase Agreement.

M.     The Buyer and its designee(s) (i) are purchasing the Purchased Assets in good faith and (ii) are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code and therefore are entitled to the full protections of that provision.  The Buyer and its designee(s) otherwise have proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Buyer and its designee(s) recognized that the Debtors were free to deal with any other party interested in acquiring the Purchased Assets, (b) the Buyer and its designee(s) complied with the provisions in the Bid Procedures Order, (c) the Buyer and its designee(s) agreed to subject their bids to the competitive bidding procedures set forth in the Bid Procedures Order, (d) all payments to be made by the Buyer and/or its designee(s) in connection with the Purchase Agreement have been disclosed, (e) the Buyer, its designee(s) and their respective affiliates have not violated, or engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed, under, section 363(n) of the Bankruptcy Code by any action or inaction and (f) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

5

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

Case: 14-51955     Doc# 148-4     Filed: 06/30/14     Entered: 06/30/14 13:44:57     Page 15
of 26

## VI.   CONDUCT OF THE SALE PROCESS; HIGHEST AND BEST OFFER

N.    The Debtors, the Committee and each of their respective retained professionals have conducted themselves throughout the Sale Process reasonably and in good faith, and all decisions made with respect to the marketing of the Debtors' assets, the qualification of bidders, the evaluation of offers, the selection of the Buyer as the Successful Bidder, and all other aspects of Sale Process with respect to the Purchased Assets were good, proper and authorized by the Bid Procedures Order and in accordance with the Bid Procedures.

O.    Good cause exists for approving the early disposition of assets through the sale of the Purchased Assets at this time in that (i) as a result of the limited funding available to the Debtors and the high "burn rate" of the Debtors' limited continuing operations, the Debtors must quickly conclude a sale of substantially all of their assets and (ii) the Sale Transaction contemplated by the Purchase Agreement will provide a greater recovery for the Debtors' creditors and other interested parties than would be provided by any other practically available alternative.  Accordingly, there are sound and sufficient business justifications to conduct a sale of substantially all of the Debtors' assets before confirmation of a plan of reorganization, and such sale is in the best interests of the Debtors' estates.

P.    The Bid Procedures, and the implementation thereof, were non-collusive, substantively and procedurally fair to all parties and were the result of arm's length negotiations.

Q.    Any and all modifications to the Sale Process and the Bid Procedures were consistent with and authorized by the Bid Procedures Order and the Bid Procedures.

## VII.   NO FRAUDULENT TRANSFERS

R.    The consideration provided by the Buyer and its designee(s) pursuant to the Purchase Agreement, including the Purchase Price (as defined therein), is fair and adequate and constitutes reasonably equivalent value and fair consideration, as determined by the Sale Process, under the Bankruptcy Code and other applicable law.  The Purchase Agreement was not entered into, and none of the Debtors or the Buyer or any of its designee(s) has entered into the Purchase Agreement or propose to consummate the Sale Transaction for the purpose of hindering, delaying or defrauding the Debtors' present or future creditors.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

6

ORDER PURSUSANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

S. The Buyer and its designee(s) are not a mere continuation of the Sellers or their respective estates, and there is no continuity between the Buyer or any of its designee(s), on the one hand, and the Sellers, on the other. To the fullest extent permitted by applicable law, none of the Buyer or its designee(s) is a successor to the Sellers or their respective estates. Consummation of the Sale Transaction does not constitute a consolidation, merger or *de facto* merger of the Buyer or its designee(s) and any of the Debtors.

## VIII. VALIDITY OF TRANSFERS

T. Subject to the entry of this Sale Order, the Sellers have full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the Sale Transaction has been duly and validly authorized by all necessary action of the Sellers. No consents or approvals other than those provided for in the Purchase Agreement are required for the Sellers to consummate the Sale Transaction described therein.

U. Pursuant to Bankruptcy Local Rule 6004-1, the Debtors have identified the parties set forth on Exhibit A to this Sale Order (the "Lienholders") as holders of Liens (as defined in the Purchase Agreement), claims, interests and encumbrances (collectively, "Liens, Claims and Interests") whose Liens, Claims and Interests, to the extent valid, binding, enforceable, perfected and nonavoidable, are (or may be) affected by the Sale Transaction. The transfer of the Purchased Assets to the Buyer or Buyer's designee(s) (and their successors and assigns) is free and clear of all Liens, Claims and Interests (including the Liens, Claims and Interests held by the Lienholders) pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws, except with respect to those Liens, Claims and Interests explicitly and expressly assumed by the Buyer or Buyer's designee(s) (as defined in the Purchase Agreement, the "Assumed Liabilities"). Such Liens, Claims and Interests, in each instance against the Debtors, their estates or any of the Purchased Assets shall attach only to the Net Proceeds (as defined below) with the same priority, validity, force and effect as such Liens, Claims and Interests attached to the Purchased Assets prior to the consummation of the Sale Transaction in accordance with applicable nonbankruptcy law.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

7

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

V. As used herein, "Net Proceeds" shall mean the proceeds of the Sale Transaction, less any costs and expenses incurred by the Debtors to carry out the Sale Process, including any applicable taxes (collectively, the "Sale Costs").

W. Other than the Purchased Assets, the Buyer and/or its designee(s) shall not acquire any assets of the Debtors, including, without limitation, the Excluded Assets (as defined in the Purchase Agreement). Other than the Assumed Liabilities, the Buyer and/or its designee(s) shall have no obligations with respect to any liabilities of the Debtors, including, without limitation, the Excluded Liabilities (as defined in the Purchase Agreement).

**IX. SATISFACTION OF SECTION 363(F) OF THE BANKRUPTCY CODE**

X. The Sellers may sell the Purchased Assets to the Buyer and Buyer's designee(s) free and clear of all Liens, Claims and Interests (except the Assumed Liabilities) in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. The holders of such Liens, Claims and Interests and are adequately protected by having their Liens, Claims and Interests against the Debtors, their estates or any of the Purchased Assets, if any, in each instance attach only to the Net Proceeds with the same priority, validity, force and effect as such Liens, Claims and Interests attached to the Purchased Assets prior to the consummation of the Sale Transaction in accordance with applicable nonbankruptcy law. Except as otherwise set forth in the Purchase Agreement or in this Sale Order, the transfer of the Purchased Assets to the Buyer and Buyer's designee(s) does not and will not subject the Buyer, its designee(s) or any of their respective affiliate to any liability whatsoever with respect to the operation of the Debtors' business and/or the ownership of the Purchased Assets prior to the Closing.

**X. COMPELLING CIRCUMSTANCES JUSTIFY IMMEDIATE SALES; BUSINESS JUDGMENT**

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

8

ORDER PURSUSANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

Case: 14-51955    Doc# 148-4    Filed: 06/30/14    Entered: 06/30/14 13:44:57    Page 18 of 26

Y.    Time is of the essence in consummating the Sale Transaction contemplated by the Purchase Agreement. To maximize the value of the Purchased Assets, it is essential that the sale of the Purchased Assets occurs within the time constraints set forth in the Purchase Agreement and Bid Procedures Order, as applicable. Accordingly, there is cause to waive the automatic 14-day stays otherwise contemplated by Bankruptcy Rule 6004.

Z.    The Debtors have articulated compelling circumstances and sound business reasons for consummating the Sale Transaction, selling the Purchased Assets outside of a plan of reorganization or liquidation. It is a reasonable exercise of the Debtors' business judgment, after consultation with the Committee, to consummate the Sale Transaction contemplated by the Purchase Agreement, and such actions are in the best interests of the Debtors, their creditors and their estates. The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale Transaction.

AA.    The consummation of the Sale Transaction outside of a chapter 11 plan pursuant to the Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale Transaction does not constitute a *sub rosa* chapter 11 plan.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**XI.    GENERAL PROVISIONS**

1.    The relief requested in the Motion with respect to the sale of the Purchased Assets, including the authority to consummate the Sale Transaction, is granted and approved as set forth herein.

2.    This Court's findings of fact and conclusions of law set forth in the Bid Procedures Order, are incorporated herein by reference.

3.    All objections to the Motion related to sale of the Purchased Assets and the other relief granted herein (including all reservations of rights included in such objections) that have not been withdrawn, waived or settled are hereby overruled on the merits and denied.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

9

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

## XII. APPROVAL OF THE PURCHASE AGREEMENT

4.     The Purchase Agreement and all other Closing Documents (as defined in the Purchase Agreement) attached as exhibits to the Purchase Agreement, and all of the terms and conditions thereof, and the consummation of the Sale Transaction are hereby approved.

5.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to sell and transfer the Purchased Assets to the Buyer or Buyer's designee(s) (and their successors and assigns) pursuant to, and in accordance with, the terms and conditions of the Purchase Agreement and to take any and all other actions as are necessary or appropriate to effectuate the terms thereof and to consummate the Sale Transaction, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated under the Purchase Agreement (including the Closing Documents, as defined in the Purchase Agreement) without any further authorization of the Court.  None of the Sellers, the Buyer or Buyer's designee(s) shall have any obligation to proceed with the Closing of the Sale Transaction until all conditions precedent to their respective obligations to do so have been met, satisfied or waived pursuant to the terms of the Purchase Agreement.

6.     The transfer of the Purchased Assets to the Buyer or Buyer's designee(s) (and their successors and assigns) pursuant to the Purchase Agreement and the Sale Transaction effect a legal, valid, enforceable and effective sale and transfer of the Purchased Assets to the Buyer and shall vest the Buyer and/or Buyer's designee(s) (and their successors and assigns) with all right, title and interest of the Sellers in and to the Purchased Assets free and clear of all Liens, Claims and Interests of any kind or nature whatsoever as of the Closing.

7.     This Sale Order and the Purchase Agreement, and any actions taken pursuant hereto or thereto, shall survive entry of any order that may be entered (a) confirming or consummating any plan of reorganization or liquidation of the Debtors, (b) converting the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code or (c) dismissing the Bankruptcy Cases.  This Sale Order and the Purchase Agreement and any actions taken pursuant hereto or thereto shall be binding in all respects upon the Debtors, their estates, all creditors, all holders of equity interests in any Debtor, all holders of any claim(s) against any Debtor, any holder of Liens, Claims and Interests against or on

all or any portion of the Purchased Assets, the Buyer, its designee(s) and their respective affiliates (and their successors and assigns) and any trustees, if any, subsequently appointed in any of the Bankruptcy Cases, or upon a conversion of any of the Bankruptcy Cases to chapter 7 under the Bankruptcy Code. This Sale Order and the Purchase Agreement shall inure to the benefit of the Debtors, their estates and creditors, the Buyer and Buyer's designee(s) and their respective successors and assigns.

8. At the request of the Debtors and the Committee, the bid of [Back-up Bidder] is hereby declared to be the Back-up Bid and such bid is hereby approved without the necessity of further order of the Court. In the event the Sale Transaction with the Buyer is not consummated in accordance with the Purchase Agreement, [Back-up Bidder] shall be declared the Successful Bidder in accordance with the Bid Procedures. At the request of the Debtors and the Committee, [ ] shall be declared the Alternate Back-up Bid and subject to the same requirements as the Back-up Bidder.

**XIII. TRANSFERS OF THE PURCHASED ASSETS**

9. Title to the Purchased Assets shall pass to the Buyer or Buyer's designee(s) (and their successors and assigns) at Closing pursuant to, and to the fullest extent permitted by, section 363(f) of the Bankruptcy Code and all other applicable laws free and clear of any and all Liens, Claims and Interests (except with respect to those Liens, Claims and Interests constituting Assumed Liabilities under the Purchase Agreement), with any Liens, Claims and Interests to attach only to the Net Proceeds with the same priority, validity, force and effect as such Liens, Claims and Interests attached to the Purchased Assets prior to the consummation of the Sale Transaction in accordance with applicable nonbankruptcy law. Prior to the Closing, the Sellers shall maintain the Purchased Assets in accordance with the terms and conditions of the Purchase Agreement.

10. Except as expressly provided by this Sale Order, the Buyer, its designee(s) and their respective affiliates shall have no liability or obligations to any persons and entities, including, but not limited to, any debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, and other creditors in respect of any Liens, Claims and Interests of any kind or nature whatsoever against or in the Debtors or the Purchased Assets, arising under or out of, in connection with or in any way relating to the Debtors, the Purchased Assets, the operation

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

11

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

of the Purchased Assets prior to the Closing or the Sale Transaction. This Sale Order is and shall be effective as a determination that all Liens, Claims and Interests shall be and are, without further action by any person or entity, released with respect to the Purchased Assets as of the date of the Closing of the Sale Transaction (as defined in the Purchase Agreement, the "Closing Date"), with any Liens, Claims and Interests to attach only to the Net Proceeds with the same priority, validity, force and effect as such Liens, Claims and Interests attached to the Purchased Assets prior to the consummation of the Sale Transaction in accordance with applicable nonbankruptcy law.

11. All Lienholders are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Purchased Assets to the Buyer or Buyer's designee(s) (and their successors and assigns) in accordance with the terms of the Purchase Agreement and this Sale Order.

12. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to the Buyer or Buyer's designee(s) (and their successors and assigns) on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale Transaction contemplated by the Purchase Agreement.

13. All entities that are in possession of some or all of the Purchased Assets on the Closing Date are directed to surrender possession of such Purchased Assets to the Buyer or the Buyer's designee(s) at the Closing. Without limiting the generality of the foregoing, the Debtors and each of their depository banks are hereby authorized and directed to transfer to an account or accounts designated by Buyer in writing all collections of accounts receivable and proceeds of general intangibles received after Closing, in each case no later than one business day after such funds become collected funds.

14. This Sale Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

12

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

Case: 14-51955    Doc# 148-4    Filed: 06/30/14    Entered: 06/30/14 13:44:57    Page 22
of 26

otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale Transaction.

15. To the greatest extent available under applicable law, the Buyer and its designee(s) shall be authorized, as of the Closing Date, to operate under any Permit (as defined in the Purchase Agreement) with respect to the Purchased Assets, and all such Permits are deemed to have been, and hereby are, directed to be transferred to the Buyer and its designee(s) as of the Closing Date free and clear of all Liens, Claims and Interests.

16. Subsequent to entry of this Sale Order up to one (1) Business Day prior to the Closing Date (the "Designation Deadline"), Buyer may, in its sole and absolute discretion, designate certain assets as Purchased Assets or Excluded Assets in accordance with the Purchase Agreement.

17. The intellectual property being acquired through this Sale include inventions that were developed under U.S. Department of Energy ("DOE") funding agreements. The inventions include, but is not limited to, the inventions disclosed in: (i) U.S. Patent Nos. 7,871,957, 7,655,183, and 8,070,860 (ii) U.S. Patent Application Nos. 13/577,327 and 13/496,883; and (iii) any foreign patent applications and patents related to the aforementioned patents and patent applications (these inventions and related patents and patent applications are collectively referred to herein as "DOE-Funded IP"). DOE waived its domestic and foreign patent rights to the DOE-Funded IP subject to certain government-reserved rights and contractor commitments pursuant to DOE Patent Waivers, including, but not limited to, DOE Patent Waiver Nos. W(A)-05-037, W(A) 2010-054, or W(A) 2002-038, as applicable. Notwithstanding any other provisions or language of this Order, any rights to DOE-Funded IP acquired through this Sale shall be subject to the government-reserved rights and contractor commitments including, but not limited to, the U.S. Competitiveness Provision, set forth as subparagraph(t) in the applicable DOE Patent Waivers, or as otherwise required by federal law.

## XIV. SALE PROCEEDS

18. All Net Proceeds shall be retained by the Debtors' estates, subject to any remaining Liens, Claims and Interests thereon. In addition, the allocation of value by the Buyer to the

Purchased Assets for tax purposes shall not be binding on the Court or any party for purposes of these chapter 11 cases or distributions.

## XV.    [ASSUMPTION AND ASSIGNMENT OF CONTRACTS

19.    The Court approved the assumption and assignment of the Assumed Contracts to the Buyer on the terms and conditions set forth in the Assumption Order, to be filed concurrently with or closely after the entry of the Sale Order.] [NTD:  TO BE INCLUDED IF THE ASSUMPTION ORDER IS ENTERED CONCURRENTLY WITH THE SALE ORDER.]

## XVI.    ADDITIONAL PROVISIONS

20.    The Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Sale Order, the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the Closing Documents executed in connection therewith to which the Debtors are a party or any agreement that has been assigned by the Debtors to the Buyer or Buyer's designee(s), and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction, including, without limitation, any issue or dispute concerning the transfers of the Purchased Assets free and clear of Liens, Claims and Interests and the attachment of any such Liens, Claims and Interests only to the Net Proceeds with the same priority, validity, force and effect as such Liens, Claims and Interests attached to the Purchased Assets prior to the consummation of the Sale Transaction in accordance with applicable nonbankruptcy law.

21.    Upon the Debtors' receipt of the consideration from the Buyer and its designee(s) at the Closing as required by the Purchase Agreement, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens, Claims and Interests against or in the Purchased Assets, if any, as such Liens, Claims and Interests may have been recorded or may otherwise exist, with the exception of those creditors holding Liens, Claims and Interests explicitly and expressly assumed or permitted by the Buyer in the Purchase Agreement.  A certified copy of this Sale Order may be filed by the Buyer, Buyer's designee(s), the Debtors or any such creditor with the appropriate clerk and/or recorded with the recorder to cancel any of the Liens, Claims and Interests of record and the appropriate clerk and/or recorder is authorized and directed to accept such filing as sufficient for such cancellation.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

14

ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....

22.     The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the Purchase Agreement and the provisions of this Sale Order.

23.     The provisions of this Sale Order authorizing the sale of the Purchased Assets free and clear of Liens, Claims and Interests, other than Assumed Liabilities, shall be self-executing, and none of the Sellers, the Buyer or Buyer's designee(s) shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order. However, if any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Liens, Claims and Interests against or in the Purchased Assets shall not have delivered to the Debtors before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens, Claims and Interests that the person or entity has with respect to the Purchased Assets or otherwise, the Debtors, the Buyer and/or the Buyer's designee(s) are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Purchased Assets. Moreover, effective as of the Closing, the Buyer, its designee(s), and their respective successors and assigns, shall be designated and appointed the Sellers' true and lawful attorney and attorneys, with full power of substitution, in the Sellers' name and stead, on behalf and for the benefit of the Buyer, its designee(s) and their respective successors and assigns, to demand and receive any and all of the Purchased Assets and to give receipts and releases for and in respect of the Purchased Assets, or any part thereof, and from time to time to institute and prosecute in the Sellers' name, for the benefit of the Buyer, its designee(s) and their respective successors and assigns, any and all proceedings at law, in equity or otherwise, which the Buyer, its designee(s) and their respective successors and assigns, may deem proper for the collection or reduction to possession of any of the Purchased Assets, and to do all acts and things with respect to the Purchased Assets which the Buyer, its designee(s) and their respective successors and assigns, shall deem desirable. The foregoing powers are coupled with an interest and are and shall be irrevocable by the Sellers. Additionally, following the Closing, the Buyer and its designee(s) shall be permitted to sell

and dispose of inventory and assets that are part of the Purchased Assets in the ordinary course of business.

24. Consummation of the Sale Transaction contemplated in the Purchase Agreement does not effect a *de facto* merger or consolidation of any of the Debtors, on the one hand, and the Buyer, its designee(s) or their respective affiliates (and their successors and assigns), on the other, nor does it result in the continuation of the Debtors' business under control of the Buyer, its designee(s) or their respective affiliates (and their successors and assigns). None of the Buyer, its designee(s) or their respective affiliates (and their successors and assigns) is the *alter ego* of, a successor in interest to or a continuation of the Debtors, nor are any of the Buyer, its designee(s) or their respective affiliates (and their successors and assigns) otherwise liable for the Debtors' debts and obligations (except for the Assumed Liabilities). Moreover, none of the Buyer, its designee(s) or their respective affiliates (and their successors and assigns) shall be liable for any claims against the Sellers other than as expressly provided for in the Purchase Agreement.

25. Except as otherwise provided in the Purchase Agreement, the Buyer, its designee(s) and their respective affiliates shall have no liability or obligation to any persons or entities (and their respective successors and assigns), including, but not limited to, any debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, in respect of any Liens, Claims and Interests against, in or with respect to the Debtors and/or the Purchased Assets arising under or out of, in connection with or in any way relating to, the Debtors, the Purchased Assets, the operation of the Debtors' business prior to the Closing or the transfers of the Purchased Assets to the Buyer and/or its designee(s). Without limitation, and except as set forth herein or in the Purchase Agreement, none of the Buyer, its designee(s) or their respective affiliates (and their successors and assigns) shall have no liability or obligation under the WARN Act or Environmental Law (as such terms are defined in the Purchase Agreement), or any foreign, federal, state or local labor or employment law, relating to the period prior to the Closing Date by virtue of the Buyer's and Buyer's designee(s)' purchase of the Purchased Assets or assumption of the Assumed Liabilities.

RAF:sb
H:\Windows7\Desktop\CEP Final\Word Files\Exhibit E - Sale Order.docx

16

ORDER PURSUSANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, AUTHORIZING (I) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE....