```
 1  JOHN WALSHE MURRAY (074823)
    STEPHEN T. O'NEILL (115132)
 2  ROBERT A. FRANKLIN (091653)
    THOMAS T. HWANG (218678)
 3  DORSEY & WHITNEY LLP
    305 Lytton Avenue
 4  Palo Alto, CA 94301
    Telephone: (650) 857-1717
 5  Facsimile:  (650) 857-1288
    Email: murray.john@dorsey.com
 6  Email: oneill.stephen@dorsey.com
    Email: franklin.robert@dorsey.com
 7  Email: hwang.thomas@dorsey.com
 8  Attorneys for Debtors
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| In re: | |
|---|---|
| **CLEAREDGE POWER, INC.**, Employer Tax I.D. No. 20-0119415 | Case No. 14-51955-CN-11 |
| **CLEAREDGE POWER, LLC** Employer Tax I.D. No. 06-1517615 | Case No. 14-51956-CN-11 |
| **CLEAREDGE POWER INTERNATIONAL SERVICE, LLC** Employer Tax I.D. No. 27-3468551 | Case No. 14-51960-CN-11 |
| Debtor(s). | Cases Jointly Administered Under Chapter 11 |
| 920 Thompson Place, Suite 100 Sunnyvale, California 94085 | Date: July 11, 2014<br>Time: 4:00 p.m.<br>Place: 280 S. First Street, Room 3070 San Jose, CA 95113<br>Judge: Honorable Charles Novack |

## EXHIBIT "A"

## TO

## DECLARATION OF STEPHEN T. O'NEILL IN SUPPORT OF MOTION BY DEBTORS TO APPROVE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

EXHIBIT COVER

Case: 14-51955   Doc# 148-10   Filed: 06/30/14   Entered: 06/30/14 13:44:57   Page 1 of 11

JOHN WALSHE MURRAY (074823)
STEPHEN T. O'NEILL (115132)
ROBERT A. FRANKLIN (091653)
THOMAS T. HWANG (218678)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
Email: murray.john@dorsey.com
Email: oneill.stephen@dorsey.com
Email: franklin.robert@dorsey.com
Email: hwang.thomas@dorsey.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

**CLEAREDGE POWER, INC.**,
Employer Tax I.D. No. 20-0119415

Case No. 14-51955-CN-11

**CLEAREDGE POWER, LLC**
Employer Tax I.D. No. 06-1517615

Case No. 14-51956-CN-11

**CLEAREDGE POWER INTERNATIONAL SERVICE, LLC**
Employer Tax I.D. No. 27-3468551

Case No. 14-51960-CN-11

Debtor(s).

Cases Jointly Administered
Under Chapter 11

920 Thompson Place, Suite 100
Sunnyvale, California 94085

Date: June 26, 2014
Time: 4:00 p.m.
Place: 280 S. First Street, Room 3070
San Jose, CA 95113
Judge: Honorable Charles Novack

**ORDER APPROVING OVERBID PROCEDURES AND
RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS**

Upon the MOTION TO APPROVE OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS filed with the Court on May 15, 2014 (together with the AMENDED MOTION TO APPROVE OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF

CERTAIN ASSETS OF THE DEBTORS filed on May 20, 2014, and the SUPPLEMENT NO. 1 TO DEBTORS' MOTION TO APPROVE BID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS filed on June 23, 2014 (the "Motion Supplement"), the "Motion") by ClearEdge Power, Inc., ClearEdge Power LLC and ClearEdge Power International Services LLC, the debtors and debtors in possession in these jointly administered cases (collectively the "Debtors"), for entry of an order (a) approving certain bid procedures (the "Bid Procedures") in connection with the sale (the "Sale") of the Debtors' Purchased Assets[1], (b) approving the Expense Reimbursement as an administrative expense under sections 503(b) and 507(a)(2) of the Bankruptcy Code, and authorizing the Debtors to pay the Expense Reimbursement, (c) specially scheduling the hearing on the Sale Motion and the Assumption Motion for July 11, 2014, at 4:00 p.m., or as soon as possible thereafter as the Court's calendar permits; (d) establishing and approving the procedures to determine, and the manner of notice with respect to, the amounts to be paid and actions to be taken to cure defaults, if any, under the executory contracts and unexpired leases to be assumed by the Debtors and assigned to the Successful Purchaser in connection with the Sale, and (e) approving the manner of notice of the proposed Sale, the Bid Procedures, and the Sale Hearing; the Motion having come on for hearing before the Court initially on June 5, 2014, and then on June 24, 2014, at 11:00 a.m., and then on June 26, 2014, at 4:00 p.m.; the Debtors having appeared by and through their counsel Dorsey & Whitney LLP and John Walshe Murray and Stephen T. O'Neill; the Official Committee of Unsecured Creditors (the "Committee") having appeared by and through its counsel Brown Rudnick LLP and Howard L. Siegel and Cathrine M. Castaldi; Doosan Corporation ("Doosan") having appeared by and through its counsel Pachulski, Stang, Ziehl & Jones and John Fiero and Joshua Fried and Wachtell, Lipton, Rosen & Katz and Scott K. Charles and Neil M. Snyder; other appearances, if any, were as noted in the record; the Court having determined that, to the extent set forth herein, the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; due and appropriate notice of the hearing on the Motion and the relief requested therein was provided by the Debtors pursuant to Bankruptcy Rules 2002, 6004 and 9014; and after

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Bid Procedures.

consideration of the Motion to the extent of the relief granted herein, and the remainder of the record herein, and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

**FOUND, CONCLUDED, AND DECLARED THAT:**[2]

1. This Court has jurisdiction over this matter and over the property of the Debtors and their estates pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Good and sufficient notice of the Motion and the relief sought therein has been given. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all parties in interest, and no other or further notice is required under the circumstances.

3. The Bid Procedures are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' assets that are contemplated to be sold in accordance with such procedures.

4. Absent the Expense Reimbursement, the minimum initial Competing Bid, and the Competing Bid increments, the Debtors may lose the opportunity to obtain the highest and best available offer for their assets and the protections afforded by the Stalking Horse Purchase Agreement.

5. The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bid Procedures and have demonstrated sound business justifications to support such relief.

6. The entry of this Bid Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

7. The relief requested in the Motion is granted, to the extent set forth herein.

8. Any objections to the entry of this Bid Procedures Order that have not been

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby overruled.

**Bid Procedures**

9. Except as modified hereby, the Bid Procedures, substantially in the form as set forth in Exhibit "A" attached to the Motion Supplement, are hereby approved in their entirety, and shall apply to the proposed Sale in all respects. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

10. As set forth in the Bid Procedures, interested bidders shall be required to execute a confidentiality agreement (unless previously delivered) in form and substance reasonably acceptable to the Debtors in order to be deemed a Potential Bidder and permitted to participate in the bidding process.

11. The failure in this Bid Procedures Order to include specifically or reference any particular provision, section or article of the Bid Procedures shall not diminish or impair the effectiveness of the Bid Procedures, it being the intent of this Court that the Bid Procedures be authorized and approved in their entirety and are incorporated herein by reference.

**Expense Reimbursement**

12. Doosan is designated as the Stalking Horse Bidder. The Debtors are hereby authorized to reimburse the Stalking Horse Purchaser its reasonable out-of-pocket costs, fees and expenses incurred or to be incurred in connection with evaluating, negotiating, documenting and performing the transactions contemplated by the Stalking Horse Purchase Agreement (including reasonable fees, costs and expenses of any professionals (including financial advisors, outside legal counsel, accountants, experts and consultants) retained by the Stalking Horse Bidder or its affiliates in connection with or related to the authorization, preparation, investigation, negotiation, execution and performance of the Stalking Horse Purchase Agreement and the transactions contemplated thereby, including the Debtors' bankruptcy cases and other judicial and regulatory proceedings related to such transactions) in an amount not to exceed $1,500,000 (the "<u>Expense Reimbursement</u>") in accordance with the terms and conditions of the Stalking Horse Purchase Agreement. The Expense Reimbursement shall have priority as an administrative expense under sections 503(b) and

507(a)(2) of the Bankruptcy Code.

**The Auction and Sale Hearing**

13. The Auction shall take place at the offices of Debtors' counsel, Dorsey & Whitney LLP, 305 Lytton Avenue, Palo Alto, California, 94301, on July 9, 2014, at 9:00 a.m. The Sale Hearing is hereby scheduled for July 11, 2014, at 4:00 p.m. (Pacific Daylight Time).

**Notice of Bid Procedures and Sale Motion**

14. On or before June 30, 2014, the Debtors shall cause notice of the Sale Hearing (the "Sale Notice"), the Sale Motion (which shall include as an exhibit the Stalking Horse Purchase Agreement with Doosan (excluding any confidential exhibits or schedules)), a copy of this Bid Procedures Order and the approved Bid Procedures to be sent by overnight delivery to: (i) the Committee and its counsel; (ii) all entities that claim any lien on the Debtors' assets; (iii) all creditors listed on the DEBTOR'S LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS filed by each respective Debtor; (iv) all governmental taxing authorities that have, or as a result of the sale of any of the Debtors' assets may have, claims, contingent or otherwise, against the Debtors; (v) all parties that have filed requests for notices or have appeared under Bankruptcy Rules 2002 and/or 9010(b); (vi) the Office of the United States Trustee; (vii) all interested governmental, environmental and pension entities; (viii) to the extent practicable, all entities which have expressed to the Debtors or Gerbsman Partners an interest in purchasing any of the Assets; and (ix) all creditors listed on the Debtors' Schedule D filed in the bankruptcy cases.

15. On or before June 30, 2014, the Debtors shall cause the Sale Notice to be sent by first-class mail, postage-prepaid, to all entities on the Debtors' Creditor Matrix filed in the bankruptcy cases, and, to the extent not included therein, all entities scheduled by the Debtors as holding claims or which have filed proofs of claim, and all equity holders of the Debtors (the "Notice Mailing List").

16. The Debtors are authorized to use the service lists maintained by their counsel for all mailings contemplated hereunder (rather than the Court's mailing matrix) in satisfaction of the requirements of Bankruptcy Local Rule 2002-1(c); and provided further, the Debtors are authorized use an outside copy service of their choosing to handle the duplication and mailing of all pleadings

to be mailed in connection with the Sale, utilizing the service lists maintained by Debtors' counsel.

**Notice of Assumption Motion**

17. On or before June 30, 2014, the Debtors shall cause the Assumption Notice to be served on the Notice Mailing List, via first class mail, postage prepaid.

**Assumption Motion**

18. On June 27, 2014, the Debtors shall cause service of the Assumption Notice and the Assumption Motion, and all declarations in support thereof, by overnight delivery for Monday morning delivery, on: (i) the Office of the United States Trustee for the Northern District of California, San Jose Division; (ii) the Committee and its counsel; (iii) all entities who have filed a notice of appearance and request for service of papers in these cases; and (iv) all non-debtor parties to executory contracts and unexpired leases (collectively, "Contract Counterparties") which the Debtors may seek to assume and assign to the Successful Purchaser (all executory contracts and unexpired leases which may potentially be assumed and assigned, collectively, the "Executory Contracts").

**Objection Bar Dates**

19. Objections, if any, to the Sale, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Northern District of California, San Jose Division, 280 South First Street, Room 3035, San Jose, California 95113, on or before **July 8, 2014, at 5:00 p.m. (Pacific Time)** and (d) be served no later than **July 8, 2014, at 5:00 p.m. (Pacific Time)**, upon (a) Debtors' counsel, John Walshe Murray of Dorsey & Whitney LLP, 305 Lytton Ave., CA 94301, facsimile (650) 644-0274, email: murray.john@dorsey.com; (b) the Office of the United States Trustee, Attn: John Wesolowski, 280 South First Street, Room 268, San Jose, CA 95113, facsimile (408) 535-5532, email: john.wesolowski@usdoj.gov; (c) counsel for the Committee, Howard L. Siegel of Brown Rudnick LLP, 185 Asylum Street, Hartford, CT 06103, facsimile (860) 509-6619, email: hsiegel@brownrudnick.com; and (d) counsel for Doosan, Scott K. Charles of Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, facsimile (212) 403-2000, email: skcharles@wlrk.com (the foregoing are collectively referred to as the "Service Parties").

TTH
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Sales Pro\Amend\Ord v7.docx

6

ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS

Case: 14-51955    Doc# 148-10    Filed: 06/30/14    Entered: 06/30/14 13:44:57    Page 7 of 11

20. The Contract Counterparties shall have until **July 8, 2014 at 5:00 p.m. (Pacific Time)** (the "Cure/Assignment Objection Deadline") to (i) object to the assumption and assignment of any of the Executory Contracts, (ii) object to the amount of the Cure Costs, or (iii) assert that non-monetary defaults or conditions must be cured or satisfied under any of the Executory Contracts in order for such Executory Contracts to be assumed and assigned. Such Contract Counterparty must file and serve an objection upon the Service Parties (the "Assumption and/or Cure Objection") setting forth: (i) the basis for the objection (non-monetary or otherwise), and, if applicable, (ii) the amount the party asserts as the Cure Cost amount (with appropriate documentation in support thereof). If no objection is received by the Cure/Assignment Objection Deadline, the Cure Cost amounts attached to the Assumption Motion shall be controlling as to the amount necessary to be paid to cure under section 365(b)(1)(A) and (B), notwithstanding anything to the contrary in any Assumed Contract or other document, and the Contract Counterparty to any Assumed Contract shall be deemed to have waived and released any right to assert an objection to the assignment and assumption of such Assumed Contract and to otherwise have consented to such assumption and assignment and Cure Cost amount as identified on Exhibit "A" to the Assumption Motion.

21. In the instance that a Contract Counterparty has timely filed an objection to its respective Cure Cost amount which is not resolved prior to the Sale Hearing, such objection will be heard by the Court at the Sale Hearing.

22. The failure of any person to file its objection timely and in accordance with the requirements of this Bid Procedures Order shall bar the assertion at the Sale Hearing or thereafter of any objection to either the Sale Motion or the Assumption Motion and the Debtors' consummation and performance of the Purchase Agreement, or alternative purchase agreement entered into with the Successful Purchaser(s), including the sale and transfer of any of the Debtors' assets free and clear of any and all liens, claims and encumbrances (other than permitted encumbrances provided for expressly in the Purchase Agreement or alternative purchase agreement entered into with the Successful Purchaser(s)). Notwithstanding anything herein to the contrary, if any Contract Counterparty to an Assumed Contract is not satisfied with the showing of adequate assurance of future performance by any bidder other than the Stalking Horse Bidder, then such Contract

Counterparty shall have the right to raise that objection to the Assumption Motion at the time of the Sale Hearing.

**Additional Provisions**

23. Service of the notices described herein on the parties entitled to receive such notices pursuant to this Bid Procedures Order shall constitute proper, timely, adequate and sufficient notice thereof and satisfies the requirements of sections 105 and 363 of the Bankruptcy Code, Rules 2002, 6004, 7004, 9006 and 9014 of the Bankruptcy Rules and the requirements of the local rules of this Court, and no other or further notice is or shall be required.

24. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order and the Bid Procedures.

25. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale that would violate Section 363(n) of the Bankruptcy Code.

26. In the event the Debtors are unable to obtain Court approval of the Sale Motion or otherwise tender performance to any bidder, the sole remedy of any such bidder (other than Doosan whose rights are established by the Purchase Agreement) shall be the return of its deposit.

27. August 5, 2014, is the first day on which a designated Back-up Bidder may file any motion seeking the return of its good faith deposit and/or to be relieved as a Back-up Bidder. August 14, 2014, is the last day by which parties shall file oppositions to any such motions. If necessary, the Court will hold a hearing on any such motions on August 18, 2014, at a time to be set by the Court.

**THIS ORDER IS APPROVED AS TO FORM AND CONTENT:**

**BROWN RUDNICK LLP**


By: */s/ Cathrine M. Castaldi*
    Cathrine M. Castaldi
    Attorneys for the Official Committee of
    Unsecured Creditors

/ / /

**WACHTELL, LIPTON, ROSEN & KATZ**

By: */s/ Scott K. Charles*
    Scott K. Charles
    Attorneys for Doosan

**THE UNDERSIGNED HAS NO OBJECTION TO THE ENTRY OF THIS ORDER:**

**OFFICE OF THE UNITED STATES TRUSTEE**

By: */s/ John Wesolowski*
    John Wesolowski
    Staff Attorney

** END OF ORDER **

**Court Service List**

None