JOHN WALSHE MURRAY (074823)
STEPHEN T. O'NEILL (115132)
ROBERT A. FRANKLIN (091653)
THOMAS T. HWANG (218678)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
Email: murray.john@dorsey.com
Email: oneill.stephen@dorsey.com
Email: franklin.robert@dorsey.com
Email: hwang.thomas@dorsey.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re:

**CLEAREDGE POWER, INC.**,
Employer Tax I.D. No. 20-0119415

Case No. 14-51955-CN-11

**CLEAREDGE POWER, LLC**
Employer Tax I.D. No. 06-1517615

Case No. 14-51956-CN-11

**CLEAREDGE POWER INTERNATIONAL SERVICE, LLC**
Employer Tax I.D. No. 27-3468551

Case No. 14-51960-CN-11

Cases Jointly Administered Under Chapter 11

Debtor(s).

920 Thompson Place, Suite 100
Sunnyvale, California 94085

Date: July 11, 2014
Time: 4:00 p.m.
Place: 280 S. First Street, Room 3070
San Jose, CA 95113
Judge: Honorable Charles Novack

**NOTICE OF HEARING ON MOTION BY DEBTOR TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

**Proposed Purchaser**: Doosan Corporation (Doosan Corporation and any other person(s) that it may designate are herein collectively referred to as "**Doosan**"), subject to higher and better bid.[1]

**To: The Honorable Charles Novack, United States Bankruptcy Judge, and All Parties Identified the Bid Procedures Order (defined below):**

---

[1] The sale of assets will be free and clear of all liens, claims, encumbrances and other interests as provided by that certain ASSET PURCHASE AGREEMENT (as may be amended) between Doosan and the Debtors dated June 26, 2014. Pursuant to the terms and provisions of such purchase agreement, Doosan may designate any person or persons to be the purchaser and the assignee with respect to any assumed and assigned executory contract or lease.

RAF:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Sale\NOH v3.docx

1

NOTICE OF HEARING ON MOTION BY DEBTORS TO SELL CERTAIN ASSETS FRE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 14-51955   Doc# 150   Filed: 06/30/14   Entered: 06/30/14 13:50:29   Page 1 of 6

**NOTICE IS HEREBY GIVEN OF THE FOLLOWING:**

1. On **July 11, 2014, at 4:00 p.m.**, a hearing will be held before the Honorable Charles Novack, United States Bankruptcy Judge, at the United Sates Courthouse located at 280 South First Street, Room 3070, San Jose, California 95113, on the MOTION BY DEBTOR TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS (the "Sale Motion") by which the Debtors (defined below) seek Court approval of the sale (the "Sale") of certain of their assets (the "Purchased Assets") to Doosan or to the highest and best bidder following an auction (the "Auction") (the successful purchaser is hereinafter referred to as the "Successful Purchaser").

2. At a hearing on June 26, 2014, the Court approved certain sale procedures (the "Bid Procedures") which set forth certain deadlines and procedures by which prospective bidders may qualify for and participate in the Sale process and at the Auction. Copies of an ORDER APPROVING BID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS (the "Bid Procedures Order"), which has been submitted by the Debtors to the Court for approval, and the Bid Procedures are on file with the Court and are attached as Exhibits "A" and "B" to the DECLARATION OF STEPHEN T. O'NEILL IN SUPPORT OF MOTION BY DEBTOR TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS filed in support of the Sale Motion (the "O'Neill Declaration").[2]

3. The Sale Motion is set for hearing in conjunction with the MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§ 363 AND 365) (the "Assumption Motion") by which the Debtors seek authority to potentially assume and assign certain executory contracts and unexpired leases (collectively, the "Executory Contracts") to the Successful Purchaser(s) in connection with the Sale and set certain deadlines. A separate notice has been mailed to creditors, counter-parties to the Executory Contracts and other parties in interest with

---

[2] Although the Court orally approved the Bid Procedures at the hearing on June 26, 2014, the Bid Procedures Order has not yet been entered of the time of this Sale Motion. The form of the Bid Procedures and Bid Procedures Order attached to the O'Neill Declaration have been approved by counsel for the Committee, Doosan and the United States Trustee, and are anticipated to be entered on the Court's Docket on June 30, 2014, in substantially the form attached to the O'Neill Declaration.

RAF:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Sale\NOH v3.docx

2  NOTICE OF HEARING ON MOTION BY DEBTORS TO SELL CERTAIN ASSETS FRE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 14-51955    Doc# 150    Filed: 06/30/14    Entered: 06/30/14 13:50:29    Page 2 of 6

respect to the relief requested by the Assumption Motion.

4. ClearEdge Power, Inc., ClearEdge Power LLC and ClearEdge Power International Services LLC (collectively, the "Debtors") have entered into that certain ASSET PURCHASE AGREEMENT by and between Doosan and the Debtors dated June 26, 2014 (as may be amended, the "Purchase Agreement"), subject to overbid and Court approval, which provides the terms of the Sale. A final sale is conditioned upon the assumption and assignment of certain Executory Contracts and unexpired leases of the Debtors on the terms set forth in the Assumption Motion. By the Sale Motion, the Debtors request that the Sale, subject to the receipt of a higher and better offer pursuant to the Bid Procedures, be approved and that the Debtors be authorized to sell the Purchased Assets free and clear of liens, claims, encumbrances and other interests, with any such liens, claims, encumbrances or interests attaching only to the proceeds of the Sale.

5. The following is a general description of the key points contained in the Purchase Agreement by and between Doosan and the Debtors. This description is offered solely for the convenience of interested parties, potential overbidders and the Court. It is recommended that all parties review the Purchase Agreement to gain a full and complete understanding of its contents.[3]

- **Purchased Assets** – Doosan will purchase all of the Debtors' right, title and interest of any nature whatsoever in the assets identified in the Purchase Agreement, including, without limitation, the Assumed Contracts, licenses, permits and governmental authorizations required to operate the business, all avoidance claims or causes of action under Chapter 5 of the Bankruptcy Code or any similar actions under any other applicable law as against Designated Parties, free and clear of liens, claims, encumbrances and other interests, with the exception of certain Excluded Assets. Excluded Assets include cash, certain contracts and leases as designated by Doosan or the Successful Purchaser, the assets of any employee benefit plan, and other identified assets.

- **Consideration** – The purchase price for the Purchased Assets shall be equal to the sum of (a) $20,000,000 in cash for all Purchased Assets identified in the Purchase Agreement other than assets that are subject to an Encumbrance securing certain specified Secured Facilities ("Encumbered Assets"), (b) an aggregate amount of up to $15,000,000 for all Encumbered Assets to the extent provided in Schedule 2.4 to the APA, subject to the consent of the lenders under the applicable Secured Facility to sale of such Encumbered Assets free and

---

[3] A true and correct copy of the executed Purchase Agreement is attached to the Sale Motion as Exhibit "A". In the event of any inconsistency between the description provided herein and the Purchase Agreement, the Purchase Agreement shall control. This description is offered solely as an aid to permit interested parties and potential overbidders a convenient place to review the key terms contained in the Purchase Agreement. Terms not separately defined herein have the meanings ascribed to them in the Purchase Agreement or the Sale Motion, as applicable.

RAF:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Sale\NOH v3.docx

3

NOTICE OF HEARING ON MOTION BY DEBTORS TO SELL CERTAIN ASSETS FRE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 14-51955    Doc# 150    Filed: 06/30/14    Entered: 06/30/14 13:50:29    Page 3 of 6

clear of all such Encumbrances, and (c) assumption of certain Liabilities as expressly set forth in the Purchase Agreement (including, without limitation, payment of Cure Costs in respect of Assumed Contracts up to an aggregate amount of $12,899,000, subject to certain limitations set forth in the Purchase Agreement).

- **Assumed Contracts** – It is anticipated that many of the Debtors' executory contracts and unexpired leases will be assumed by the Debtors and assigned to Doosan. However, Doosan has the right to add or remove any contracts or leases from the list of Assumed Contracts up to three (3) days before the date of the Closing. Other Qualified Bidders at the Auction may do the same.

- **Transfer Taxes** – The parties each shall pay and shall be responsible for one half of any transfer taxes (and related costs, fees and expenses) imposed on or payable in connection with the transactions under the Sale. The parties agree to allocate the purchase price for tax purposes in accordance with certain schedules and methodologies detailed in the Purchase Agreement.

- **Representations, Warranties and Covenants** – The Purchase Agreement includes representations, warranties and covenants of the Debtors and Doosan that are customary for transactions of this type. Among other things, the Purchase Agreement provides that the Debtors shall retain all liability to provide health care continuation coverage under the Consolidated Omnibus Budget Reconciliation Act to certain former employees and requires the Debtors to maintain in effect a group health plan for so long following the Sale as is necessary to ensure that they can satisfy their obligations in respect of such coverage. With limited exceptions, the representations and warranties do not survive the Closing of the Sale. Covenants and agreements which contemplate performance after the Closing shall survive the Closing in accordance with their terms.

- **Bid Protections** – In the event that (a) the Purchase Agreement is terminated by Doosan as a result of a breach or misrepresentation arising from the Debtors' gross negligence, willful misconduct or bad faith, (b) Doosan is not the successful bidder at the Auction or (c) the Court otherwise approves a Competing Transaction (as defined in the Purchase Agreement), the Purchase Agreement obligates the Debtors to reimburse Doosan for its out-of-pocket costs, fees and expenses up to the amount of $1,500,000.

- **Closing Date** - The Closing must occur by July 18, 2014 (subject to automatic extension by 30 calendar days if the only condition to the Closing that has not been satisfied or, to the extent permitted, waived (other than those conditions that by their nature can only be satisfied at or immediately prior to the Closing) is Doosan's receipt of all requisite clearances or approvals under the antitrust laws of the Republic of Korea), or Doosan may terminate the Purchase Agreement.

6. In the event the Sale to Doosan is not consummated in accordance with the Purchase Agreement, the Back-up Bidder (as defined in the Bid Procedures) jointly designated by the Debtors and the Committee shall be declared the Successful Bidder(s) (as defined in the Bid Procedures) in accordance with the Bid Procedures and any Alternate Back-up Bidder(s) (as defined in the Bid

RAF:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Sale\NOH v3.docx

4

NOTICE OF HEARING ON MOTION BY DEBTORS TO SELL CERTAIN ASSETS FRE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 14-51955    Doc# 150    Filed: 06/30/14    Entered: 06/30/14 13:50:29    Page 4 of 6

Procedures) may jointly be designated as Back-up Bidder(s) by the Debtors and the Committee.

7. Objections, if any, to the Sale, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Northern District of California, San Jose Division, 280 South First Street, Room 3035, San Jose, California 95113, on or before **July 8, 2014, at 5:00 p.m. (Pacific Time)** and (d) be served no later than **July 8, 2014, at 5:00 p.m. (Pacific Time)**, upon (a) Debtors' counsel, John Walshe Murray of Dorsey & Whitney LLP, 305 Lytton Ave., CA 94301, facsimile (650) 644-0274, email: murray.john@dorsey.com; (b) the Office of the United States Trustee, Attn: John Wesolowski, 280 South First Street, Room 268, San Jose, CA 95113, facsimile (408) 535-5532, email: john.wesolowski@usdoj.gov; (c) counsel for the Committee, Howard L. Siegel of Brown Rudnick LLP, 185 Asylum Street, Hartford, CT 06103, facsimile (860) 509-6619, email: hsiegel@brownrudnick.com; and (d) counsel for Doosan, Scott K. Charles of Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, facsimile (212) 403-2000, email: skcharles@wlrk.com.

8. The failure of any person to file its objection timely and in accordance with the requirements of this Bid Procedures Order shall bar the assertion at the Sale Hearing or thereafter of any objection to either the Sale Motion or the Assumption Motion and the Debtors' consummation and performance of the Purchase Agreement, or alternative purchase agreement entered into with the Successful Purchaser(s), including the sale and transfer of any of the Debtors' assets free and clear of any and all liens, claims and encumbrances (other than permitted encumbrances provided for expressly in the Purchase Agreement or alternative purchase agreement entered into with the Successful Purchaser(s)).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

RAF:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Sale\NOH v3.docx

5

NOTICE OF HEARING ON MOTION BY DEBTORS TO SELL CERTAIN ASSETS FRE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 14-51955   Doc# 150   Filed: 06/30/14   Entered: 06/30/14 13:50:29   Page 5 of 6

9. Creditors and parties in interest with further questions or who desire copies of the Sale Motion may contact Robert A. Franklin or Thomas T. Hwang of Dorsey & Whitney LLP, 305 Lytton Avenue, Palo Alto, CA 94301, Tel. No. (650) 857-1717; email: franklin.robert@dorsey.com; hwang.thomas@dorsey.com.

Dated: June 30, 2014 **DORSEY & WHITNEY LLP**

By: */s/ Robert A. Franklin*
Robert A. Franklin
Attorneys for Debtors

RAF:sb
H:\Client Matters\- F&R\ClearEdge\Pl\CE Inc\Sale\NOH v3.docx

6

NOTICE OF HEARING ON MOTION BY DEBTORS TO SELL CERTAIN ASSETS FRE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 14-51955    Doc# 150    Filed: 06/30/14    Entered: 06/30/14 13:50:29    Page 6 of 6